ANNA MARKS AND ANOTHER, RESPONDENTS, v. JOHN
T. SULLIVAN AND OTHERS, APPELLANTS.

TRESPASS.— RES ADJUDICATA.— JOINT TRESPASS.— In an action
brought against S. and others for trespass upon plaintiffs'
premises, for a joint trespass, a verdict of not guilty was
returned as to S., whereupon upon a second trial the other
defendants offered a plea in bar, that it had appeared on the
former trial that S. had committed the trespass as the agent
of the other defendants (but the plea in bar did not state that
as a matter of fact S. had done the acts as their agent) and
that if S. was not guilty the other defendants could not be
guilty; *held* that the plea in bar was properly refused, be-
cause it would have confined the inquiry, not to the fact, but
to what the former jury found as a fact.

ID.— FORCIBLE ENTRY.— RIGHT OF ENTRY.— The complaint alleged
that the defendants trespassed upon the property of plaintiff
of which she was in'the lawful possession. The common law
gives an action to the person in possession against all persons
except those having a right of entry. The statute of the Ter-
ritory gives a right of action to a person in wrongful pos-
session even against a person having a right of entry if he
enter forcibly; *held* that trespass lay against the defendants
entering forcibly, where the complaint alleged lawful possession.

APPEAL from a judgment of the district court of the
first district and from an order refusing a new trial. The
opinion states the facts.

*Mr. Jno: N. Whitecotton, Mr. John W. Judd,* and
*Messrs. Sutherland and Howatt,* for the appellants.

*Mr. George Sutherland, Mr. David Evans* and *Mr.
Charles S. Varian,* for the respondents.

ZANE, C. J.:

This was an action of trespass in which the plaintiffs

alleged in their complaint that the defendants, with force and arms, entered the dwelling house of the plaintiff Anna Marks, and forcibly ejected her from it, and tore her house down, and carried away her household furniture and other personal property. The case was submitted upon the evidence and the charge of the court to a jury, who found the defendant Sullivan not guilty, and found the other four defendants guilty, and assesssed the plaintiff's damages against them at $2,500. The court overruled the motion of the defendants found guilty for a new trial, and entered judgment on the verdict; and, upon appeal by them, this court reversed the judgment as to them, and remanded the case, with directions to the lower court to grant them a new trial. 6 Utah 419, 24 Pac. Rep. 528. This being done, the court, on motion of the plaintiffs, dismissed the action as to defendant Sutherland. The defendant Culmer and the defendants Tompkins then presented a supplemental answer as follows, and asked leave of the court to file it:

"Supplemental answer. Said defendants, Belle Tompkins, William H. Culmer, and Jabez G. Sutherland, by leave of court first had and obtained, file a supplemental answer, alleging the following facts, which have occurred since the commencement of this action. Said defendants, answering, allege: (1) That this action came on for trial on the first day of December, 1888, against all the original defendants, including John T. Sullivan, mentioned in the original complaint. That it appeared on the trial of the issues made by said pleadings that the said John T. Sullivan acting at the request of the said defendants Belle Tompkins and Harvey K. Tompkins, and relying thereon, and upon the writ of restitution mentioned in the original answer, removed the plaintiff Anna Marks from the possession of the premises mentioned in the original pleadings, and removed her goods therefrom. That said writ was void, and his defense in said action on said trial depended on the right of said defendant Belle Tompkins, as owner

and possessor of said premises, to remove said plaintiff Anna Marks therefrom, and his employment by said defendant Tompkins to effect such removal. That the employment of said Sullivan by the said Belle Tompkins, and her request to him to remove said plaintiff Anna Marks from said premises, and to act for and in privity with her in effecting such removal, and the possession of said premises by said Belle Tompkins, and her right and title thereto, was submitted on testimony to said jury; and the court thereon instructed said jury, as the only way in which such removal of said plaintiff Anna Marks by said defendant Sullivan could be justified, in substance and to the effect, that if said defendants Tompkins were at the time of the alleged wrong in possession of the Eureka Hotel property, and that property included the ground on which plaintiff built the house in question, and the plaintiff built that house without their consent, and against their protest, they, said defendants Tompkins, had a right by employing John T. Sullivan to remove the plaintiff and her goods to preserve their possession in tact, using no more force than was necessary for that purpose. That on said trial the jury impaneled to try said action found a verdict in favor of the said John T. Sullivan in the following terms, to wit:

"'We, the jury, impaneled in the above-entitled action, find for the plaintiffs against the defendants William H. Culmer, Jabez G. Sutherland, Harvey K. Tompkins, and Belle Tompkins, and assess their damages at $2,500; and no cause of action against John T. Sullivan.

"'PETER STUBBS,

"'Foreman.'

"And upon said return of said jury, so above set out, the said court entered a judgment, which was duly given and made in favor of the said John T. Sullivan, and against said plaintiffs that he go hence without day,

which judgment is of record in said court in this cause, and remains unappealed from, unreversed, and in full force; and the judgment and the verdict against the other said defendants has since been reversed by the supreme court of said Territory, on appeal. Wherefore said defendants, now answering, say: The plaintiff's action is barred by said verdict and judgment, and that the same conclusively ·establishes that said defendant Belle Tompkins has a possessory title to said premises, and rightfully ejected said Anna Marks therefrom; that said verdict and judgment are a final determination of the issues in the original pleadings in favor of said defendants, and against said plaintiffs, and said defendants therefore ask to be hence dismissed, and that they may have judgment for their costs.

"J. G. SUTHERLAND,

"ARTHUR BROWN,

"Defendants' Attorneys."

The court refused the leave asked, and this ruling the defendants assign as error.

In substance, the first allegation of the proposed plea is that it appeared on the trial of the case against Sullivan that he, at the request of Tompkins and his wife, and as their agent, removed the plaintiff Anna Marks and her goods from the premises referred to in the complaint. The allegation is not that Sullivan was the agent, and that the removal was made by him as such agent. If the plea had been allowed, the inquiry as to the agency of Sullivan would have been limited by what appeared on the first trial, and the verdict and the judgment thereon in his favor. The inquiry would not have been as to whether Sullivan acted as the agent of Belle Tompkins and her husband. The question would have been, did the agency appear as found by the verdict of the jury, and affirmed by the judgment of the court? The plaintiffs alleged in their complaint that all the defendants committed the tres-

pass. They did not allege that Sullivan did the acts as the agent of the other defendants or any of them; nor did Sullivan in his plea allege that Belle Tompkins had the right of entry, and then justify as her agent under an alleged right in her. That issue was not tendered by the pleadings. The defendants insist that the facts stated in the proposed plea, if they had been proven, would have been a good defense upon the new trial; that the verdict and judgment against the plaintiffs, and in favor of Sullivan, as set out in the plea, was an adjudication of the fact of agency, as well as the trespass. The employment of an agent is a transaction in the making of which the principal and agent each represents himself. In making it the agent does not represent the principal. But in any transaction within the scope of his employment the agent represents the principal, and all acts within his employment are regarded as the acts of the principal, and he is responsible for them; and, whether such acts or transactions are adjudicated in a suit against the agent or principal, they are established as to both. *Emery* v. *Fowler*, 39 Me. 326; Bigelow, Estop. (5th Ed.) 122. This rule of law does not apply as to an adjudication of the fact of agency. An adjudication of that fact in a suit against the agent to which the principal is not a party does not estop the principal from contesting it in a suit against him. As to that transaction, the agent did not represent his principal. He represented himself, and he is not authorized to admit it in a suit against him without special authority. We are of the opinion that the court would have erred had it denied the plaintiffs on the new trial the right to prove that the defendants to it, or any of them, were present, and that the acts constituting the trespass were done by them, or some of them, or that they or some of them assisted in doing the acts. If the plea presented, in addition to the facts it contained, had alleged that the defendants named in it did not do the acts themselves,

nor aid in the doing of them, and that Sullivan committed the trepasses as their agent or the agent of any of them, we are disposed to hold that the plea would have been good, and that the court would have erred in refusing permission to file it. Inasmuch as the plea did not so allege, we think that it did not constitute a good plea in bar, and that the court rightfully refused permission to file it.

The appellants also insist that forcible entry was the plaintiffs' exclusive remedy, under the allegations of their complaint, and that trespass did not lie. At common law a person in the wrongful possession of real estate could not maintain an action of trespass for a forcible entry against the owner having an immediate right to enter; but the statute of this Territory gives a person in the wrongful possession of real estate a right to the action of forcible entry against the owner having the right to enter if he enter forcibly. In such a case, however, the statute does not give the right to an action of trespass; but it does not deny the right to such action where it exists at the common law. The person in possession has the right to such an action against all persons making forcible entry, except the owner with the right of immediate entry. This is the doctrine announced in the case of *Canavan* v. *Gray,* 64 Cal. 5, 27 Pac. Rep. 788. The plaintiff alleges in her complaint that the defendants trespassed on her property in which she was in the lawful possession. The judgment of the court below is affirmed.

MINER, J., and BARTCH, J., concurred.