## PORTLAND GOLD MINING CO. v. STRATTON'S INDEPENDENCE,
Limited, et al.

(Circuit Court of Appeals, Eighth Circuit. December 6, 1907.)

### No. 2,649.

JUDGMENT—ESTOPPEL—ACTIONS OF TORT—EXONERATION OF IMMEDIATE ACTOR.
> The general rule that one may not have the benefit of a judgment as an estoppel, unless he would have been bound by it had it been the other way, is subject to recognized and rational exceptions, one of which is that in actions of tort, such as trespass, if the defendant's responsibility is

necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1146.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

Tyson S. Dines and Horace N. Hawkins (W. J. Chinn, Elmer E. Whitted and O. L. Dines, on the brief), for plaintiff in error.

Clayton C. Dorsey and William V. Hodges, for Stratton's Independence, Limited.

C. A. Gillette, for Thomas Burbridge.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This was an action by the Portland Gold Mining Company, a Wyoming corporation, against Stratton's Independence, Limited, an English corporation, J. W. Price, T. B. Burbridge, and others, whose presence in the litigation has become immaterial, to recover damages for a trespass to real property. Stratton's Independence and Burbridge answered separately, the answer of each being substantially a general denial, and Price, without answering, appeared at the trial, attended by counsel, and secured a verdict in his favor, as here stated. At the conclusion of all the evidence Stratton's Independence moved for a directed verdict, and the motion was sustained. The plaintiff then indicated that it would not ask a separate verdict against Price or Burbridge, and a motion for a directed verdict interposed by them was sustained. The trial thus resulted in a verdict and a judgment against the plaintiff, and it sued out this writ of error. The ruling on the motion of Stratton's Independence was excepted to at the time and error is assigned thereon now, but no exception was taken to the ruling on the motion of Price and Burbridge, and it is not questioned now.

The case made by the evidence was this: The plaintiff and Stratton's Independence were, respectively, the owners of adjoining mining properties. Stratton's Independence leased to Burbridge, for mining purposes, a portion of its mine far beneath the surface and adjacent to the line dividing the two properties. The lease in terms prohibited the lessee from extending his mining operations outside of the leased premises, required him to actively mine them, and reserved to the lessor the right to market the ore and to retain a substantial share of the proceeds as rental. Before any work was done, an arrangement was effected between Burbridge and Price whereby the latter had charge of the mining operations under the lease, and, if a trespass was committed, it was because these operations were extended outside of the leased premises and into the property of the plaintiff. But Stratton's Independence was not a participant in these operations, and was not responsible for such a trespass, unless it be that it marketed the

ore and retained part of the proceeds with knowledge of the place from which, and the circumstances in which, the ore was obtained, and thereby, in legal contemplation, adopted or ratified a wrongful act done by another partly for its benefit. See Dempsey v. Chambers, 154 Mass. 330, 28 N. E. 279, 13 L. R. A. 219, 26 Am. St. Rep. 249. Whatever ore was obtained by those operating under the lease was marketed, and the proceeds distributed, as if obtained from the leased premises. Whether or not there was any substantial evidence of an adoption or ratification by Stratton's Independence of a trespass by those operating under the lease was the subject of opposing contentions at the conclusion of the trial, and was ruled adversely to the plaintiff. The controversy is renewed here, but its consideration and determination will be both unnecessary and inappropriate, if for other reasons the judgment must be affirmed.

It is plain that the plaintiff's right, if any it had, to hold Stratton's Independence for a trespass was dependent, first, upon the commission of the trespass by those operating under the lease; and, second, upon its adoption or ratification of their act. They were the immediate actors, and, if guilty of a trespass, were personally responsible therefor, whether or not responsibility was also cast upon it. But, as it was not a participant in the mining operations, and, if responsible at all, became so only by adopting or ratifying their act, it follows that no responsibility was cast upon it unless personal responsibility also attached to them. As quite apposite, we quote from New Orleans & Northeastern R. R. Co. v. Jopes, 142 U. S. 18, 24, 27, 12 Sup. Ct. 109, 35 L. Ed. 919, a case in which it was sought to hold a railroad company for the act of its conductor in injuring a passenger:

"It would seem on general principles that, if the party who actually causes the injury is free from all civil and criminal liability therefor, his employer must also be entitled to like immunity. * * * If the immediate actor is free from responsibility, because his act was lawful, can his employer, one taking no direct part in the transaction, be held responsible? * * * The question carries its own answer, and it may be generally affirmed that if an act of an employé be lawful, and one which he is justified in doing, and which casts no personal responsibility upon him, no responsibility attaches to the employer therefor."

Here the immediate actors were exonerated by the judgment in their favor, which is none the less effective as a final adjudication because resting upon a verdict directed with the plaintiff's virtual consent. Nashville, etc., Co. v. United States, 113 U. S. 261, 5 Sup. Ct. 460, 28 L. Ed. 971; United States v. Parker, 120 U. S. 89, 7 Sup. Ct. 454, 30 L. Ed. 601; Last Chance Mining Co. v. Tyler Mining Co., 157 U. S. 683, 691, 15 Sup. Ct. 733, 39 L. Ed. 859. Is Stratton's Independence entitled to the benefit of that adjudication? Its counsel insist that it is. The contention is not new, but in various relations has been often the subject of consideration and decision in the courts. The objections urged against it now and heretofore are (1) that, as the responsibility of joint tort-feasors is several as well as joint, one may be exonerated and another held culpable; and (2) that one may not have the benefit of an adjudication as an estoppel, unless he would have been prejudiced by it had it been the other way. But it is quite

geneially held that these objections do not prevent an estoppel where, as here, the one exonerated was the immediate actor and his personal culpability is necessarily the predicate of the plaintiff's right of action against the other, and we think that upon principle this ought to be true.

One of the earliest cases in which the question arose is Ferrers v. Arden, 2 Cro. Eliz. 668, which was trespass on the case for the conversion of an ox. The defendant pleaded that in a prior action for the same trespass, prosecuted by the same plaintiffs against other defendants, the latter had justified in his right and were acquitted, and it was held that, if the second action was for the same cause, the defendant's plea was good; for "although he be a stranger to the record, whereby the plaintiffs were barred, yet he is privy to the trespass, wherefore he well may plead it, and take advantage of it." In another relation, the same question arose in Biggs v. Benger, 2 Ld. Raymond, 1372, an action of trespass against two defendants. One made default, and the other pleaded that the act charged was done by him in the right of his codefendant and under the license of the plaintiff. The latter took issue on the plea, which was found against him, and it was held that the defendant who made default was entitled, on motion in arrest, to the benefit of the plea because it showed that the plaintiff could have no cause of action against him. Of like import are 2 Tidd's Pr. 895, 2 Black on Judgments, § 781, and Williams v. McGrade, 13 Minn. 46, 54 (Gil. 39). A leading case in this country is Emery v. Fowler, 39 Me. 326, 63 Am. Dec. 627, which was trespass quare clausum against one who had acted under the direction of his father. In a prior action by the plaintiff against the father for the same act the father, who admitted that the son acted under his direction, had been acquitted, and it was held that the son was entitled to the benefit of that adjudication. We quote from the opinion:

"To permit a person to commence an action against the principal and to prove the acts alleged to be trespasses, to have been committed by his servant acting by his order, and to fail upon the merits to recover, and subsequently to commence an action against that servant and to prove and rely upon the same acts as a trespass, is to allow him to have two trials for the same cause of action, to be proved by the same testimony. In such cases the technical rule that a judgment can only be admitted between the parties to the record or their privies expands so far as to admit it, when the same question has been decided and judgment rendered between parties responsible for the acts of others."

The doctrine of that case was reaffirmed in Atkinson v. White, 60 Me. 396, the facts in which were these: The owner of certain logs sold them to A. by a mortgage bill of sale, and subsequently sold them to B. by an absolute bill of sale. A. sold a portion of the logs to C., and warranted the title. C. converted them, and B., asserting the invalidity of the sale to A., sued C. in trover. The action resulted in a judgment establishing the validity of that sale, and thereafter B. brought a like action against A., who sought the benefit of the judgment in favor of C., his warrantee. Of this it was said:

"That the question involved in each suit is precisely the same, and to be proved by the same testimony is beyond a doubt. It is equally clear that the plaintiff is the same, and that he has had his day in court. He has had a full

hearing upon the law and fact involved in the very question he now proposes to try again in another suit. He has had every privilege the law allows him, unless he is entitled to another hearing, simply because he is now attempting to enforce his claim against another defendant in name, but the same in interest.

"Ordinarily judgments have been held conclusive only between parties and their privies, and only when both parties are bound. But this rule is subject to exceptions; as in the case of an alleged trespass by two persons, when one acts as servant of the other, and by his command. Such persons are not privies, and yet, if the plaintiff fails in his action against one, he is precluded by that judgment from maintaining an action for the same trespass against the other."

Then, after it was observed that one reason for the rule, that estoppels, to be binding, must be mutual, ceased with the enactment of statutes enabling parties to be witnesses, it was held that the former judgment was conclusive against the plaintiff. Well in point is Emma Silver Mining Co., Limited, v. Emma Silver Mining Co. of New York (C. C.) 7 Fed. 401, 407, which was a suit in equity for the rescission of the sale of a mine and other property because of deceit charged to have been practiced by the defendant, through certain of its agents, in effecting the sale. The defendant interposed a plea to the effect that the complainant had theretofore instituted an action at law against the defendant's agents to recover damages for the deceit, in which the matter of that charge had been adjudicated in their favor; and, in response to the complainant's contention that the defendant could not avail itself of that judgment as a bar, or as a conclusive determination of the facts, because the defendant was not a party to it, it was said by Judge Choate:

"The weight of authority, however, is that where an agent in a transaction is sued after the termination of his agency, and upon a trial of the merits the issue is determined against the plaintiff, the principal, though not a party to the suit, can avail himself of the judgment as a bar, when he is sued by the same plaintiff on the same cause of action. While the principal, if he had no notice of the former suit, and no opportunity to defend it, may not be concluded by a judgment against his former agent, or made responsible by the agent's bad pleading or blunders in the trial of the cause, because so to conclude him would be to deprive him of his property without due process of law, yet, as regards the plaintiff who has before sued the agent and been defeated, there is no reason why he should not be concluded upon that principle of public policy which gives every man one opportunity to prove his case, and limits every man to one such opportunity. He has had his day in court, and it is immaterial whether he has chosen to test his right as against the principal or the agent in the transaction, provided the issue to be tried was identical as against both."

In King v. Chase, 15 N. H. 9, 19, 41 Am. Dec. 675, where a sheriff was sued for the conversion of personal property because it had been wrongfully taken, as was claimed, by his deputy, Stebbins, under a writ of attachment, it was said in respect of the question here under consideration:

"The sheriff is responsible for the acts of his deputy in attaching property. The plaintiff might have sued the defendant for the act of Stebbins in taking the oats. But he had the right also to sue Stebbins himself, and this he elected to do. Having litigated the title to the oats with him, and failed, he ought to be precluded from trying the same matter in another suit against the defendant, on the ground that the defendant is responsible, and that he had a right of action against him also."

In Lake Shore & Michigan Southern Railway Co. v. Goldberg, 2 Ill. App. 228, an action of trespass where the defendant's liability was grounded entirely upon the acts of one Cornwall, its agent, the court observed that "where the real actor, none the less liable personally because acting for another, is not guilty, it necessarily follows that the party for whom he acted cannot be," and held that the defendant could avail itself of a judgment exonerating Cornwall in a prior action against him by the plaintiff for the same acts. Of like import is Marks v. Sullivan, 8 Utah, 406, 410, 32 Pac. 668, 20 L. R. A. 590. In Sonnentheil v. Moody (Tex. Civ. App.) 56 S. W. 1001, which was an action for conversion against persons charged with inducing an officer to make a wrongful seizure of the plaintiff's property, it was held that the plaintiff was estopped by a judgment in a prior action by him against the officer wherein it was adjudged that the seizure was lawful.

Other cases which establish that the rule that estoppels, to be binding, must be mutual, is not absolute, or without rational exceptions, are Hill v. Bain, 15 R. I. 75, 23 Atl. 44, 2 Am. St. Rep. 873, Featherston v. N. & C. Turnpike, 71 Hun, 109, 24 N. Y. Supp. 603, Doremus v. Root, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, Stevick v. Northern Pacific Ry. Co., 39 Wash. 501, 81 Pac. 999, City of Anderson v. Fleming, 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119, Anderson v. West Chicago Street R. R. Co., 200 Ill. 329, 65 N. E. 717, Muntz v. Algiers, etc., Co., 116 La. 236, 40 South. 688, McGinnis v. Chicago, etc., Co., 200 Mo. 347, 98 S. W. 590, 9 L. R. A. (N. S.) 880, Chicago, etc., Co., v. McManegal (Neb.) 103 N. W. 305, where the rulings before mentioned were applied to actions for personal injuries in which the defendant's liability was grounded upon the alleged negligence of another, who, when sued by the plaintiff, had been adjudged free from negligence; Spencer v. Dearth, 43 Vt. 98, where a judgment against the plaintiff, on the ground of payment, in an action against one of several makers of a joint and several promissory note, was declared a bar to a recovery against the others; Cowley v. Patch, 120 Mass. 137, where, in an action on an alleged joint liability of the defendant and a third person, it was held that the defendant was entitled to the benefit of a judgment, in a prior action by the plaintiff against the third person, whereby it was adjudged that the liability was not joint; and Glaze v. Citizens' National Bank, 116 Ind. 492, 18 N. E. 450, where a judgment in favor of a wife, in an action where she had litigated with her husband the right to money theretofore drawn by her from a bank, was held available to the bank when the husband sought to recover the same money from it.

Thus it is settled by repeated decisions that the general rule that one may not have the benefit of a judgment as an estoppel unless he would have been bound by it had it been the other way is subject to recognized exceptions, one of which is that in actions of tort, such as trespass, if the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of

that judgment as an estoppel, even though he would not have been bound by it had it been the other way. And we think it could not well be otherwise, for, when the plaintiff has litigated directly with the immediate actor the claim that he was culpable, and, upon the full opportunity thus afforded for its legal investigation, the claim has been adjudged against the plantiff, there is manifest propriety, and no injustice, in holding that he is thereby concluded from making it the basis of a right of recovery from another who is not otherwise responsible. To such a case the maxim, "Interest reipublicæ ut sit finis litium," may well be applied.

We conclude that the verdict and judgment exonerating Price and Burbridge, which upon this record neither are nor can be called in question, are available to Stratton's Independence, and therefore that, if there was error in any ruling in its favor at the trial, the error has now become harmless.

The judgment is accordingly affirmed.