153 So. 427

### INTERSTATE ELECTRIC CO. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

6 Div. 417.

Supreme Court of Alabama.

March 8, 1934.

Wm. S. Pritchard and Jas. W. Aird, both of Birmingham, for appellant.

London, Yancey, Smith & Windham, of Birmingham, for appellee.

GARDNER, Justice.

The suit is on a fidelity bond (Louis Pizitz Dry Goods Co. v. Fidelity & Deposit Co., 223 Ala. 385, 136 So. 800; 25 Corpus Juris 1088), wherein plaintiff seeks to recover for loss alleged to have been suffered arising from the want of honesty or fidelity of one Daniel, plaintiff's "secretary-treasurer."

The question here for determination is presented by the ruling on defendant's pleas 7 and 8. These pleas, setting up an estoppel by judgment, are in bar of plaintiff's right

of action, and, being sustained, plaintiff took a nonsuit to review the ruling thereon. They disclose the following facts: The employer, Interstate Electric Company, made out its proof of loss as specified in the fidelity bond as a first step in the collection from the defendant of the amount it insists was lost by reason of the want of honesty or fidelity of its secretary-treasurer, Daniel.

Based upon the statements contained in this proof of loss, Daniel instituted a libel suit against his said employer, and recovered a judgment. Among other defenses, the Interstate Electric Company interposed a plea of justification—the truth of the published matter as in bar of the action. Ferdon v. Dickens, 161 Ala. 181, 49 So. 888; Kirkpatrick v. Journal Publishing Co., 210 Ala. 10, 97 So. 58. No assignment of demurrer appears to have been interposed as to the eventual disposition of the judgment so recovered in the libel suit, and the present record is silent concerning it. It may be here noted, however, in passing, that an appeal was subsequently prosecuted therefrom, and a reversal of the judgment here entered. Interstate Electric Co. v. Daniel, 227 Ala. 609, 151 So. 463.

In support of these pleas, it is insisted that in the libel suit the truthfulness of the published matter was litigated upon the plea of justification, and necessarily determined the employee's innocence adversely to the defendant in that action, the plaintiff here, and the judgment is of consequence binding and conclusive.

Broadly stated, the general rule is that to sustain a plea of this character, res adjudicata or estoppel by judgment, the parties must be the same, the subject-matter the same, the point must be directly in question, and the judgment must be rendered on that point. Hall & Farley v. Ala. Terminal Co., 173 Ala. 398, 56 So. 235. And, as said in Clark v. Whitfield, 213 Ala. 441, 105 So. 200, 203, "A judgment, to conclude either party as to the subject-matter, must be such as to work a mutual estoppel; hence a plea of res judicata, to be good, must show the parties litigant in the two suits are the same. * * * or else they must be in privity of estate or blood or in law with the parties in such former action. * * * That is, a person who can claim the benefit of a judgment as an estoppel upon his adversary is one who would have been prejudiced by a contrary decision in the case."

The parties to the two suits were not the same, nor, indeed, is the subject-mat-ter. The present action seeks recovery of the indemnitor on the bond; the former, a tort action by the employee against the employer, seeks damages for publication of the proof of loss, and in which action the guilt or innocence of the employee plaintiff was only incidentally involved by the interposition of the plea of justification. 2 Black on Judgments, § 611. But more fatal still is the want of mutuality, for it is quite clear the fidelity company would not have been prejudiced by a contrary decision, as it was not a party to, and in no manner concerned with, the libel action, and a judgment against the plaintiff in that suit could not be held to fix a liability against the bond in this action. Firemen's Ins. Co. v. McMillan, 29 Ala. 147; Fidelity Co. v. Robertson, 136 Ala. 379, 34 So. 933; Dixie Fire Ins. Co. v. Bonding Co., 162 N. C. 384, 78 S. E. 430; 2 Black on Judgments (2d Ed.) 586 and 600; 25 Corpus Juris 1114.

It is of course well settled also that a judgment is conclusive, not only upon those who were actual parties to the litigation, but also upon all persons who are in privity with them, defined by some of the authorities as "a mutual or successive relationship to the same rights of property." Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 32 S. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875. And a discussion of the question of privity in 2 Black on Judgments, § 549, demonstrates the correctness of the observation of this court in Winston v. Westfeldt, 22 Ala. 760, 58 Am. Dec. 278, that, "technically speaking, there can be no privity, where there is not an identity of interest," meaning, as we understand it, identity of interest in the subject-matter of the litigation.

There is clearly no conclusiveness to the libel judgment by virtue of a consideration of any matter of privity, and this, we think, sufficiently appears from a consideration of the authorities cited, without further discussion thereof. Measured by the general rule, therefore, it seems clear the pleas were insufficient.

But appellee insists the pleas are to be sustained upon a consideration of an exception to the general rule of mutuality as to estoppel, that is, where the liability of defendant is altogether dependent upon the culpability of one exonerated in a prior suit, upon the same facts, when sued by the same plaintiff; citing (among other authorities), 35 Corpus Juris 988; State v. Parker, 72 Ala. 181; Cressler v. Brown, 79 Okl. 170, 192 P. 417; Bigelow v. Old Dominion Mining Co.,

225 U. S. 111, 32 S. Ct. 641, 642, 56 L. Ed. 1009, Ann. Cas. 1913E, 875; United States v. Am. Surety Co. (C. C. A.) 56 F.(2d) 734.

Perhaps a more comprehensive discussion is found in Portland Gold Mining Co. v. Stratton's Independence (C. C. A.) 158 F. 63, 16 L. R. A. (N. S.) 677, cited approvingly in the Bigelow Case, supra.

But we think that a consideration of the underlying principle of the exception contended for suffices to show its inapplicability here, for the exception is based in fact upon the broad ground of public policy, that there should be an end to litigation, and as applicable to the particular matter here involved, that one having litigated the question of liability with the principal, and lost, will not be permitted to relitigate the same matter with the surety. One or two excerpts from some of the authorities will serve as an illustration; from the Bigelow Case, supra, the following: "An apparent exception to this rule of mutuality had been held to exist where the liability of the defendant is altogether dependent upon the culpability of one exonerated in a prior suit, upon the same facts when sued by the same plaintiff. See Portland Gold Min. Co. v. Stratton's Independence, 158 F. 63, 85 C. C. A. 393, 16 L. R. A. (N. S.) 677, where the cases are collected. The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit. The cases in which it has been enforced are cases where the relation between the defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee."

From Emma Silver Mining Co., Limited, v. Emma Silver Mining Co. of N. Y. (C. C.) 7 F. 401, 408, the following: "The weight of authority, however, is that where an agent in a transaction is sued after the termination of his agency, and upon a trial of the merits the issue is determined against the plaintiff, the principal, though not a party to the suit, can avail himself of the judgment as a bar, when he is sued by the same plaintiff on the same cause of action. While the principal, if he had no notice of the former suit, and no opportunity to defend it, may not be concluded by a judgment against his former agent, or made responsible for the agent's bad pleading or blunders in the trial of the cause, because so to conclude him would be to deprive him of his property without due process of law, yet, as regards

the plaintiff who has before sued the agent and been defeated, there is no reason why he should not be concluded upon that principle of public policy which gives every man one opportunity to prove his case, and limits every man to one such opportunity. He has had his day in court, and it is immaterial whether he has chosen to test his right as against the principal or the agent in the transaction, provided the issue to be tried was identical as against both."

And from Portland Gold Mining Co. v. Stratton's Independence (C. C. A.) 158 F. 63, on pages 68, 69, 16 L. R. A. (N. S.) 677: "Thus it is settled by repeated decisions that the general rule that one may not have the benefit of a judgment as an estoppel unless he would have been bound by it had it been the other way is subject to recognized exceptions, one of which is that in actions of tort, such as trespass, if the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way. And we think it could not well be otherwise, for, when the plaintiff has litigated directly with the immediate actor the claim that he was culpable, and, upon the full opportunity thus afforded for its legal investigation, the claim has been adjudged against the plaintiff, there is manifest propriety, and no injustice, in holding that he is thereby concluded from making it the basis of a right of recovery from another who is not otherwise responsible. To such a case the maxim, 'Interest reipublicæ ut sit finis litium,' may well be applied."

No consideration of public policy underlying the exception to the general rule can be held available to sustain these pleas. The plaintiff here was the defendant in the former libel action, having and exercising its right to resist the suit by any lawful methods and the interposition of all legal defenses. The issue of the guilt or innocence of the plaintiff in that action was merely incidentally involved in one of its pleas, and no public policy can be said to dictate that it so defended at the peril of the loss of its right of action on the fidelity bond, which was in no wise involved.

The case of State v. Parker, supra, is also readily distinguishable, and has for its foundation that underlying principle of the exception, to which the quoted excerpts make

general reference. Nothing in that authority militates against the conclusion here reached that the pleas presented no bar to the suit, and the demurrer thereto should have been sustained.

It results, therefore, that the judgment will be reversed, and the cause reinstated on the docket.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.