This is an appeal from the grant of summary judgment for the defendants. We reverse and remand.
The basic legal question concerns the effect of Rule 13 (g), ARCP, upon the substantive doctrine of collateral estoppel. Specifically, the question is whether or not the adverse determination of issues by a stipulated judgment entered in a prior action against co-defendants collaterally estops one of these co-defendants from relitigating the same issues, involving the same factual transaction, in subsequent litigation between those co-defendants.
The two actions arose out of these facts: George Bailey, doing business as Bailey Mobile Homes Service, rented a fork-lift vehicle, colloquially known as a "Case tractor," from AAA Equipment and Rent-All, Inc. (AAA). Jimmy E. Cothren was driving this vehicle on a public highway in Madison *Page 108 
County when it overturned and became involved in an accident with the automobile of William Eugene Barksdale.
Barksdale brought an action against Cothren, George Bailey, AAA, and certain fictitious parties, claiming damages against all the defendants for negligence and wantonness in causing the tractor to overturn and injure the plaintiff. With respect to AAA, the plaintiff Barksdale charged that AAA had rented the vehicle to Bailey, and that AAA had negligently maintained the vehicle, negligently allowed the vehicle to be operated on the public highway, wantonly maintained the vehicle, wantonly allowed the vehicle to be operated on the public highway, and negligently instructed or negligently failed to instruct the lessees in the vehicle's proper operation.
After all the pleadings had been filed, and following discovery and a pre-trial hearing, a settlement was reached between the parties pursuant to which the trial court entered this judgment:
 Plaintiff, in open court, orally amends the complaint to delete the fictitiously named parties so that the only defendants remaining in said cause are Jimmy E. Cothren, George Bailey, and AAA Equipment and Rent-All, Inc. Issue is then joined on the complaint of the plaintiff as amended, and the answers of the defendants. With the consent of the defendants and leave of Court, plaintiff withdraws the demand for trial by struck jury. It is then stipulated and agreed by and between the parties that judgment may be entered in favor of the plaintiff and against all defendants for the sum of Two Thousand One Hundred Fifty Dollars ($2,150.00).
 It is, therefore, considered, ordered, and adjudged by the Court that the plaintiff have and recover of the defendants the sum of Two Thousand One Hundred Fifty Dollars ($2,150.00).
Costs are taxed to the defendants.
Dated: January 23, 1979.
Several months later this second action was filed. In this action AAA, formerly a co-defendant, is co-plaintiff suing the other co-defendants, George Bailey and Jimmy E. Cothren. AAA's collision insurance carrier, Lincoln Insurance Company, is AAA's co-plaintiff in this second action, having a subrogation interest derived from its earlier payment to AAA of the sum of $12,496.01 as damages resulting from the collision which was the subject of the first action. In this second action the plaintiffs, AAA and its derivative co-plaintiff, Lincoln, charged the defendants with negligence:
 [T]he defendants negligently caused or negligently allowed a vehicle leased from the Plaintiff, AAA Equipment and Rent-All, Inc., to overturn in the highway.
. . . . .
 4. On the date of said accident, the vehicle of the Plaintiff, . . . was a commercial vehicle and as a direct and proximate consequence of the negligence of the Defendants, the Plaintiff, . . was caused to suffer the loss of use of said vehicle and therefore claims as damages the reasonable value of the loss of use of said vehicle.
The plaintiffs claimed damages in the amount of $15,000.00, costs and interest.
The defendants' answer to this complaint was: 1. A general denial; 2. Contributory negligence in renting defective equipment; 3. Exoneration under the rental contract; 4. Release under the terms of the rental contract; 5. Waiver under the terms of the rental contract; and 6. Release.
In the course of pleading the defendants moved for summary judgment:
 [O]n the ground that it is barred by the judgment entered in Civil Action No. CV-78-625S, . . . in which the plaintiff, AAA Equipment and Rent-All, Inc., was a defendant along with the defendants in this action, and said action arose out of the same transaction which is the subject of the instant suit; and there is no genuine issue as to any material fact and these defendants are entitled to a judgment as a matter of law.
 This motion is based upon the pleadings in this cause and the pleadings and judgment *Page 109 
entered in Civil Action Number CV-78-625S in the Circuit Court of Madison County, Alabama.
Summary judgment was granted, the cause was dismissed with prejudice, and this appeal followed.
The plaintiffs concede that any claim between the parties tothis second action would have been a cross-claim under Rule 13 (g), ARCP. That concession is correct under the rule:
 A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.
The plaintiffs, however, contrast the language used in Rule 13 (a), a procedural rule which, in general, makes it mandatory to plead compulsory counterclaims, and the language of Rule 13 (g), another procedural rule which makes the pleading ofcross-claims by one party against another party onlypermissive. The plaintiff's conclusion from this variation in the language used is that the co-party may either plead the cross-claim in the original action or reserve it for later and independent litigation.
That position is well-taken. A cross-claim is asserted against a co-party; a counterclaim is asserted against an opposing party. Co-parties occupy the same side in the principal, or initial, litigation. An opposing party is one who asserts a claim against a prospective counterclaimant in the initial case. Augustin v. Mughal, 521 F.2d 1215 (8th Cir. 1975). Thus, under the language of Rule 13 (g), ARCP, the bar to later assertion of claims under the counterclaim practice of Rule 13 (a), ARCP, does not apply to cross-claims. Augustin v.Mughal, supra; Wright Miller, Fed.Prac. Proc. § 1431.
Because the doctrines of res judicata and collateral estoppel are so similar it would not be out of place to disassociate resjudicata as an issue in this case. At the outset it should be stated that neither party to the present action argues that the first judgment had any res judicata effect upon the second judgment. That position is proper here. Res judicata requires substantial identity of parties. Wheeler v. First Alabama Bankof Birmingham, Ala., 364 So.2d 1190 (1978). Even if additional parties are joined in the second action, the former judgment still will operate as a bar to the latter if the party against whom res judicata is asserted was a party formerly. Geer Bros.,Inc. v. Crump., Ala., 349 So.2d 577 (1977). The doctrine includes not only those who were actual parties but also all persons who are in privity with them, that is, having a mutual or successive relationship to the same rights of property.Interstate Electric Co. v. Fidelity Deposit Co. of Maryland,228 Ala. 210, 153 So. 427 (1934). That case, however, made it clear that "a person who can claim the benefit of a judgment as an estoppel [res judicata] upon his adversary is one who would have been prejudiced by a contrary decision in the [first] case." (Emphasis added.) Ibid. at 228 Ala. 212, 153 So. 428. In other words, the parties estopped by the judgment must have been litigants against one another. That is the sense in which the following statement was made in H.G. Hill Co. v. Taylor,234 Ala. 282, 286, 174 So. 481 (1937), in connection with two actions involving the same parties:
 In Lawrence et al. v. United States Fidelity Guaranty Co., 226 Ala. 161, 163, 145 So. 577, it was held that in order for the judgment in the prior suit to render the question in a subsequent suit res adjudicata [sic], the same issues of fact must have been involved, within issues pleaded or which ought to have been litigated, between the same parties or privies, and applied to the parties or privies at the time of the rendition of that judgment. . . .
This requirement of adversariness finds support elsewhere. For example, in Gunter *Page 110 v. Winders, 253 N.C. 782, 117 S.E.2d 787 (1961), the facts involved a three-vehicle collision. One car overtook another vehicle and struck it in the rear. The overtaken vehicle was driven over the center line of the road and struck an oncoming truck. The driver of the overtaken vehicle brought an action against the owners and drivers of both the overtaking vehicle and the oncoming truck. He alleged that the sole proximate cause of the collision was the joint and concurrent negligence of the defendants. The owner and driver of the overtaking vehicle pleaded res judicata as to all issues of negligence and contributory negligence on account of a prior action involving the same accident. In the prior action, the administrator of a passenger killed in the overtaken car had sued the owner and driver of the overtaking car and the driver of the overtaken car. The administrator alleged that the separate acts of negligence of the defendants proximately resulted in the death of his intestate. On appeal the North Carolina court held that the allegations and findings in the first case did not establish that the accident was caused by the joint and concurrent negligent acts of the defendants in the second case, and therefore the plea of res judicata could not be sustained. Going on, the court emphasized that reversal was mandated for a more fundamental reason, viz., that ". . . a judgment operates as res judicata only with respect to parties who were adversaries in the proceedings wherein the judgment was entered . . .," leaving "unadjudicated the rights of the defendants among themselves" (citing 30A Am.Jur. Judgments § 411).
In this case the parties were not litigants against one another in the first action. As between themselves, they were not contestants. Bailey and Cothren would not have been prejudiced by a contrary decision in the former case because they occupied the same defensive side as AAA. A decision contrary to the first decision rendered actually would have benefited Bailey and Cothren, not prejudiced them, hence there was no prior mutual estoppel (by judgment) which they could now assert against AAA, their former co-defendant. Clark v.Whitfield, 213 Ala. 441, 105 So. 200 (1925).
The plaintiffs in this second case do not contravene these observations on res judicata; however they do maintain that the consent judgment (based upon the parties' stipulation) was nevertheless fully binding, citing A.B.C. Truck Lines, Inc. v.Kenemer, 247 Ala. 543, 25 So.2d 511 (1946). That case does contain such language, quoting 34 Corpus Juris 776:
 "If the judgment is general, and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is upon the merits, although there was no actual hearing or argument on the facts of the cause." 247 Ala. at 546, 25 So.2d at 513.
Examination of the Kenemer case reveals that it is not controlling in this instance. Kenemer involved two different lawsuits between the same parties on the same vehicular collision. Kenemer brought the first action in Georgia to recover damages from A.B.C. on account of the negligence of the truck driver of the trucking firm. Issue was joined on the complaint and a jury returned a verdict for Kenemer. In the second action, A.B.C. sued Kenemer in Alabama claiming damages arising from the negligence of Kenemer's driver on the same occasion. Against the contention that the actions were on different claims and that a plea of res judicata was ineffective, this Court stated at 247 Ala. 546-547, 25 So.2d at 514:
 The Georgia suit was for damages by reason of the negligent operation of appellant's [A.B.C.'s] truck, proximately resulting in the injuries complained of and the judgment was accordingly rendered on this issue and necessarily involved a determination of the question of the culpability vel non of both the plaintiff and defendant for negligence. To allow the instant claim as a basis for a right of action against the plaintiff in the former judgment when it was available as a defense *Page 111 
to that action, the facts upon which the right of recovery is sought to be based being inconsistent with and in direct opposition to the facts on which the judgment plaintiff first recovered, would be contrary to the simplest and most fundamental principles of res judicata.
 There is, of course, a difference between the effect of a judgment as an estoppel against the prosecution of a second action between the same parties on the same claim or cause of action and on a different claim or demand. In the former, a judgment on the merits is an absolute bar to a subsequent prosecution of such claim or demand, while in the latter the prior judgment operates as an estoppel only to those matters in issue or questions controverted and determined. [Citations omitted.]
It is clear that this Court was referring to the rule of resjudicata applied in cases founded on the same cause of action by the same parties litigant which we discussed in Geer Bros.,Inc. v. Crump, supra, in describing the rule applicable in theKenemer case. Accordingly, Kenemer is inapposite here because what we have in the instant case is not res judicata (estoppel by judgment) but an issue of collateral estoppel or "issue preclusion." Indeed, the arguments of both parties proceed on that basis.
On that point the defendants maintain that the issues of negligence and contributory negligence between these co-defendants were decided by the first action, in this fashion: The first judgment for the plaintiff determined that AAA negligently and wantonly maintained the fork-lift vehicle, that AAA also negligently and wantonly allowed it to be operated on the public highway, and that AAA negligently instructed or failed to instruct Bailey and Cothren in its proper operation. These findings, say the defendants, contain implicit findings that these respective breaches of duty proximately caused the vehicle to overturn and injure the first plaintiff. The co-defendant in the first action, AAA, having been found guilty of negligence in that transaction, the defendants' argument continues, is now collaterally estopped from denying that its contributory negligence proximately caused the injuries complained of here in the second action. The defendants cite City of Mobile v. George, 253 Ala. 591,45 So.2d 778 (1950), as authority for that proposition. In George
the City of Mobile and two defendants named George were co-defendants in an action for wrongful death. The complaint charged that the Georges, doing business as construction contractors, created the defect in the road which caused the death of the decedent, a motorcycle patrolman. The City of Mobile was charged with permitting the defect to remain in the street for an unreasonable length of time. Following trial the Georges were acquitted because of a failure of proof that they caused the defect. The jury found a verdict against the City, judgment was entered accordingly, and on appeal that judgment was affirmed. Later the City of Mobile (which had been a co-defendant with the Georges) brought an action against the Georges and their surety, based upon a contract under which the Georges had undertaken to construct a sewer line, part of which ran along a Mobile street. In this contract the Georges had agreed to be responsible for damages occurring as a result of their negligence. The City of Mobile asserted in the second action that it had been required to pay damages on account of the motorcycle policeman's death which resulted from the Georges' negligence in doing their work in that street. The Georges contended that the City was attempting to relitigate an issue which had been determined in the first action. On that issue this Court quoted from Freeman on Judgments, 5th ed., § 425, at 253 Ala. 595-6, 45 So.2d 782.
 "But if an adjudication of issues is made between coparties it is res judicata in subsequent litigations between them, even though their separate answers did not purport to raise such issue as to each other. In so far as their rights or obligations inter se are dependent upon their rights or obligations toward their common adversary, the judgment adjudicating the latter is conclusive upon codefendants *Page 112 
in subsequent litigation between them, as where . . . one of two defendants sued as joint tort-feasors seeks indemnity from the other who was exonerated in the action against them . . . ."
It is clear that in City of Mobile v. George this Court was dealing with a situation in which the first case was actually litigated, that is, trial ensued and a verdict and judgment were rendered. Should that aspect be significant when the doctrine of collateral estoppel is brought to bear in a subsequent action? Put a different way, does a consent judgment have estoppel effect, the effect of precluding subsequent issues?
In Wheeler v. First Alabama Bank of Birmingham, Ala.,364 So.2d 1190, 1199 (1978), this Court set out the elements for collateral estoppel. One of these elements was "(2) issue actually litigated in prior action." The factual background for that principle involved two actions, in both of which the right to income from certain trusts was in issue. In the first suit that issue was actually litigated, that is, the judgment rendered in it was not based upon default, stipulation, or consent. Cf. Matter of McMillan, 579 F.2d 289 (3rd Cir. 1978) (issues involved in an action terminated by default judgment not "actually litigated" for purpose of collateral estoppel). The existence of actual litigation has allowed collateral estoppel in federal decisions. Shore v. Parklane Hosiery Co.,Inc., 565 F.2d 815 (2nd Cir. 1977) (corporate officers who have had issues of fact determined against them in non-jury trial of SEC suit for injunctive relief collaterally estopped from relitigating those issues before jury in subsequent derivative action of stockholders); Oldham v. Pritchett, 599 F.2d 274 (8th Cir. 1979) (co-party defendant allowed to invoke collateral estoppel on issue of negligence in civil action brought after admiralty hearing on exoneration or limitation of liability). [The 8th Circuit Court incidentally, recognized that non-adversity was irrelevant to the doctrine of estoppel, citing Scooper Dooper Inc. v. Kraftco Corp., 494 F.2d 840, at 845 (3rd Cir. 1974). Thus the absence of cross-claims between the co-parties did not prevent assertion of the doctrine]. The Fifth Circuit has followed this principle. In AssociatesCapital Services v. Loftin's Transfer Storage Co., Inc.,554 F.2d 188 (5th Cir. 1977), Associates sued in Alabama to collect a debt. The defendant contended that the suit was barred because the plaintiff, an Indiana corporation, had failed to qualify to do business in Alabama. In an earlier case involving this plaintiff, the district court had held adversely to the plaintiff on the "doing business" issue, and in this proceeding the defendant contended that the plaintiff was estopped in the later case from litigating that issue. The Court of Appeals pointed out, however, that the former case had been remanded on appeal in accord with a stipulation of the parties, and settled in the plaintiff's favor. "Therefore," the court stated, "the decision of the district court spawned no precedential effect and renders nugatory the question of collateral estoppel."
It follows from what we have stated that, as between these co-defendants, the judgment entered in the first action was entitled to no collateral estoppel effect because there was an absence of actual litigation between them as adversaries on the issues of negligence and contributory negligence.
We limit our opinion to the issue presented to us and withhold comment upon any other legal aspects of the positions which the parties occupy.
Let the judgment of the trial court be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 113