SHORES, .Justice.
The sole issue presented by this appeal is whether the trial court correctly dismissed the plaintiff/appellant’s complaint as being barred by res judicata.
*90 We hold that dismissal was appropriate and affirm the judgment.
In 1980, Dr. Sam H. Wallace, Jr., commenced a civil action in Jefferson County seeking injunctive relief to halt the demolition of the Public Health Building in Birmingham. Defendants in that suit were the Board of Trustees of the University of Alabama and Wilborn Construction Company, a partnership to whom the University had awarded the demolition contract. Wil-born in turn assigned B & S Company, Inc., all of its rights under the contract with the University.
The trial court entered a temporary restraining order in that case on July 29,1980. Dr. Wallace posted a $5,000 bond with USF&G as surety in that action.
B & S Company, Inc., appeared in the action by filing a motion under Rule 65.1, Alabama Rules of Civil Procedure, in which it sought damages against Dr. Wallace, as principal, and USF&G, as surety. The motion of B & S was denied, and the relief sought by Dr. Wallace was denied. No appeal was taken from that judgment.
This action was commenced by Salvage One Demolition Company, Inc., against the same parties involved in the prior litigation. Salvage One alleges that B & S Company, Inc., assigned all of its interest in the demolition contract to it. Salvage One is, therefore, B & S’s assignee to the contract.
The same relief now sought by Salvage One in this suit was sought by B & S in the prior action. The parties are identical except that Salvage One appears in this action as the assignee of B & S. It seeks an identical amount of damages as those claimed by B & S in the prior litigation. Its claim is barred by res judicata. In Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala.1978), we set out the elements of res judicata:
The elements of res judicata are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir. 1975). If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action. McGruder v. B & L Construction Co., 331 So.2d 257 (Ala.1976).
364 So.2d at 1199.
Every element is present in this case and, as we held in AAA Equipment and Rental, Inc. v. Bailey, 384 So.2d 107 (Ala.1980):
The doctrine includes not only those who were actual parties but also all persons who are in privity with them, that is, having a mutual or successive relationship to the same rights.. . .
384 So.2d at 109. Salvage One is clearly in privity with B & S, its assignor.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.