ALMON, Justice.
This is an appeal from the dismissal of a complaint for declaratory judgment. The trial court held that Joseph R. Mitchell’s claims against John Scarborough and his co-defendants were barred by res judicata.
Mitchell filed a complaint for declaratory judgment against John Scarborough, First National Bank of Columbus, The Fidelity and Casualty Company of New York, and fictitious defendants A, B, and C. Mitchell alleged that FNB of Columbus was insured under a liability policy issued by Fidelity and Casualty. Mitchell claimed that Scarborough was covered under this policy as a “permissive user” of an automobile owned by FNB, and that Scarborough had tor-tiously injured Mitchell while driving the car. Mitchell sought a declaration that any liability insurance covering FNB of Columbus or its permissive user that was issued by Fidelity and Casualty or by fictitious defendant A, B, or C, was payable to him for his injuries. The trial court held that “the issue of liability of the defendants was decided in Case No. CV 84-74 ... and was resolved against” Mitchell, and therefore granted defendants’ motion to dismiss.
“The judgment or decree of a court of competent jurisdiction on the merits concludes the parties and privies to the litigation and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal.” 50 C.J.S. Judgments § 592 (1947). See Webster v. Gunter, 336 So.2d 170 (Ala.1976). The elements of res judicata are:
“(1) Prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits.”
Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978); Fisher v. Space of Pensacola, Inc., 461 So.2d 790, 791 (Ala.1984). The issue in the present case is whether elements three and four are present in this case.
In his prior suit against Scarborough and FNB of Columbus, Mitchell alleged negligence against the former and negligent entrustment against the latter. The trial court granted summary judgment in favor of FNB of Columbus when Mitchell stipulated to a lack of knowledge of Scarborough’s incompetence by FNB. The claim against Scarborough proceeded to trial, and judgment was entered on a jury verdict awarding damages to Mitchell.
In his initial complaint in this declaratory judgment action, Mitchell named only FNB of Columbus and Scarborough as defendants. The complaint alleged that Mitchell had been unable to recover on his judgment against Scarborough, that the automobile Scarborough was driving at the time of the accident was owned by FNB of Columbus, that FNB was insured under a liability policy, that “this policy also inures to the benefit of any ‘permissive user’ of any *1356 automobile covered by this policy, and that FNB of Columbus had refused to cooperate in filing a claim against the policy. The complaint requested a declaration that any liability insurance covering FNB of Columbus inured to the benefit of Scarborough as a permissive user. Together with this complaint, Mitchell filed a request for production of the insurance policy.
FNB of Columbus and Scarborough filed motions to dismiss, after which Mitchell filed an amended complaint, essentially adding Fidelity and Casualty, as the insurer on the policy covering FNB of Columbus, and requesting a declaration that Mitchell was entitled to the proceeds of the policy. Fidelity and Casualty filed a motion to dismiss. Mitchell filed a motion for an order compelling production of the insurance policy, stating that FNB of Columbus had not complied with his earlier request for production. Fidelity and Casualty filed a motion for a hearing on its motion to dismiss. The trial court issued an order setting a hearing for August 13. There is no indication in the record whether this hearing was held, but the trial court granted the motions to dismiss on September 3.
The complaint in this case should not have been dismissed. If, as alleged, the policy of insurance inured to the benefit of Scarborough, Fidelity and Casualty could well be liable on the policy. In such a case, Mitchell would be a third-party beneficiary under the policy and would be entitled to a declaration that the policy covered Scarborough’s liability and that Mitchell was entitled to the proceeds thereof to the extent of his judgment. None of these questions can be answered without reference to the terms of the policy, and it appears from the record that Mitchell has been denied access to the policy.
Furthermore, these questions are not barred by res judicata, because the prior action related only to the primary liability of Scarborough and of FNB of Columbus. Fidelity and Casualty was not a party to that action, and that action presented no issue as to coverage under a policy of insurance. Therefore, neither the issues nor the parties in this action are identical to those in the prior action, and the trial court erred in dismissing the action. See Braggs v. Jim Skinner Ford, Inc., 432 So.2d 466 (Ala.1983); Interstate Electric Co. v. Fidelity & Deposit Co. of Maryland, 228 Ala. 210,153 So. 427 (1934).
The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, SHORES, BEATTY and ADAMS, JJ., concur.