KENNEDY, Justice.
The plaintiff appeals from a summary judgment for the defendant. We reverse and remand.
On June 2, 1986, John Coyle was piloting a “medivac” helicopter owned by Metro Aviation, Inc., and used to transport medical patients. While en route from Birmingham, Alabama, to Jackson, Mississippi, the helicopter struck unmarked power lines crossing the Black Warrior River. The resulting crash killed Coyle, along with Mark Moreland and Mark Applewhite, who were passengers on the flight.
On June 17, 1986, Moreland’s wife, as administratrix of his estate, sued Alabama Power Company and Metro Aviation, Inc. She alleged that Metro Aviation had negligently or wantonly caused or allowed the helicopter to collide with the high tension power lines. The complaint also alleged that Alabama Power Company had negligently and wantonly failed to mark those power lines. On October 27, 1989, the jury returned a verdict in favor of Mrs. More-land against both Metro Aviation, Inc., and Alabama Power Company. The judgment based on that verdict was not appealed and was paid in full.
Eileen Coyle, as administratrix of John Coyle’s estate, sued Alabama Power Company, stating claims of negligence and wantonness in the installation of the unmarked power lines. Alabama Power Company moved for a summary judgment, arguing that Ms. Coyle’s claims were barred by the doctrines of collateral estoppel and/or res judicata. The trial court granted the motion, holding that Coyle’s claims were barred by the doctrines of collateral estop-pel and/or res judicata. Further, the plaintiff had filed a motion to strike Alabama Power Company’s contributory negligence defense, which was denied by the trial court.
In this case, Coyle also made a claim against the helicopter manufacturer, MBB Helicopter Corporation. The trial court made Alabama Power Company’s summary judgment final, pursuant to Rule 54(b), Ala. R.Civ.P. The claim against MBB remains pending in the trial court.
Coyle argues that (a) the trial court erred in refusing to strike the affirmative defense of contributory negligence and (b) the trial court erred in holding that collateral estoppel and/or res judicata precludes her claims in the instant case.
The elements of collateral estoppel are: (1) that an issue in question is identical to one presented in a prior action, (2) that the issue was actually litigated in the prior action, (3) that resolution of the issue was necessary to the judgment in the prior action, and (4) that the two actions involve the same parties. If these elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation. Pierce v. Rummell, 535 So.2d 594, 596-97 (Ala.1988); Lott v. Toomey, 477 So.2d 316, 319 (Ala. 1985); Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala. 1978).
The elements of res judicata are: (1) a prior action with a judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties in the prior action and in the present action, and (4) with the same cause of action presented in both actions. Hughes v. Allenstein, 514 So.2d 858, 860 (Ala.1987).
For the doctrine of collateral es-toppel to apply, the precise issue presented in the present action must have been directly in question in the prior action, and the judgment rendered in the prior action must have been rendered on that issue. Interstate Electric Co. v. Fidelity & Deposit *1021 Co., 228 Ala. 210, 153 So. 427 (1934). The issues presented in the present action are not precisely identical to those presented in the prior action by Ms. Moreland.
As to the res judicata claim, the parties in the Moreland action and those in the present action are not the same. John Coyle’s estate was not a party to the previous action or in privity with a party in that action. The test for determining privity is set out in Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990). Where there is no identity of interest, privity does not exist. Eileen Coyle was not represented in the prior action and had no legal standing to contest the outcome of that action.
The trial court did not err in refusing to strike the defense of contributory negligence.
What we have written here should not be read as expressing any opinion by this Court as to whether a motion for summary judgment would have been appropriate on other grounds. That issue is not before us in this appeal.
The summary judgment is reversed.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.