# Crawford v. Engram, et al.

## Bill to Require Payment of Legacy.

(Decided Nov. 12, 1908. 47 South. 712.)

1. *Estoppel; Estoppel in Pais.*—A plea setting up an estoppel in pais, based on the settlement of a controversy over the validity of a will before the will was offered for probate, and at a time when there was no suit pending between the parties in reference thereto,

[Crawford v. Engram, et al.]

which alleges that at the time of the promise relied on as an estoppel the defendants believed that good grounds for the successful contest of the will existed, coupled with the statement that an attorney had been consulted and had advised that there was good grounds of contest, was not the allegation of the existence in fact of such reasonable grounds for a contest, essential to render the plea good.

2. *Compromise and Settlement; Agreement; Consideration.*—In the absence of reasonable grounds for contesting a will, and where no suit involving the validity of the will was pending between the parties, a promise made in settlement of the controversy as to the validity of the will was without consideration and void.

3. *Estoppel; Acts Constituting.*—A failure to contest a will induced by the promise of the sole beneficiary therein, in the absence of reasonable grounds for contest, is not sufficient to invoke the doctrine of estoppel against the promisor.

4. *Same.*—Where no valuable right is parted with and no injury is sustained, as a general rule there can be no estoppel in pais.

APPEAL from Barbour Chancery Court.

Heard before Hon. LUCIAN D. GARDNER.

Bill by Annie O. Engram against Annie V. Crawford and others for the collection of a legacy. From a decree adjudging a plea insufficient, defendant Crawford appeals. Affirmed.

Jacob Ramser died in 1892, leaving a last will and testament, of which his two sons were made executors. The executors entered upon the discharge of their duties, and settled up all the affairs of their testator, and settled with all the legatees in the will, except as to the property which was left by the first item of the will to Mary Ramser, the widow of the said testator, during the term of her life. Major L. Ramser, one of the executors of said will of Jacob Ramser, deceased, intermarried with said Annie O. Engram in 1896, and afterwards in the same year said Ramser died, leaving a last will and testament in which his said wife, the said Annie O. Engram, was made the sole legatee. The other executor, Thomas J. Ramsey, died in 1902; and Mary Ramser, the widow of the original testator, died in 1906. After the death of the said Thomas J. Ramser there was no further administration on the estate of Jacob Ramser

[Crawford v. Engram, et al.]

until after the death of the said Mary Ramser, the widow, when Annie V. Crawford was appointed administratrix with the will annexed of the estate of said Jacob Ramser, and she took possession of all the property which was left under item first of the will of Jacob Ramser during her life, and sold the same for cash as required by the said will. After the sale Annie O. Engram made demand for her one-third interest in the proceeds of said sale as the sole legatee under the will of her late husband, Major L. Ramser, and upon refusal of the administratrix to pay the same she filed this bill to recover.

Demurrers were interposed to the bill, and a special plea filed, as follows: That in equity and good conscience the said Annie O. Engram, as executrix, etc., and Annie O. Engram, individually, is estopped from claiming the interest in the estate of Jacob Ramser as claimed by her, and set forth and described in her said bill of complaint, on account of her conduct and promises made which led to and induced Annie V. Crawford, Laura V. Bell, Emma Bell, Frances Fripp, Mary Bowers, Pauline McNeel, and Thomas Ramser, all legatees and devisees of the estate of Jacob Ramser, deceased, of which this respondent was administratrix as aforesaid, to act to their prejudice and forego and abandon the assertion of valuable rights; the facts being as follows: That said Annie V. Crawford and others named above in this place are all children and heirs of Jacob Ramser, deceased, and are named as legatees in his last will and testament, a copy of which is attached to the original bill in this cause, and marked "Exhibit A." That they are all sisters of Major L. Ramser, deceased (except Thomas Ramser, who was a brother). One of the legatees or devisees of said will, whose interest in remainder by virtue of the said will in the house and lot bequeathed in

[Crawford v. Engram, et al.]

paragraph 1 thereof is now claimed by the said Annie O. Engram, sole legatee and executrix of the last will and testament of said Major L. Ramser, deceased, a copy of which is attached to the original bill and marked "Exhibit B." That said Major L. Ramser, deceased, died on or about the 13th day of October, 1896, leaving no descendants but leaving a wife, the said Annie O. Engram, and his brothers and sisters aforesaid (naming them), and his mother, Mary Ramser, now deceased, as his only heirs. That the said Major L. Ramser left a last will and testament, as alleged in the original bill, which was executed on the 10th day of October, 1896, just three days before he died. That in and by the terms of said will, as will appear from the inspection thereof, he devised and bequeathed all of his property of every kind and description to his wife, the said Annie O. Engram, except his watch. That the value of his estate so bequeathed amounted in the aggregate to the sum of $20,000, consisting of both real and personal property. That he had only been married to said Annie O. Engram about 90 days before his death. That at the time he married her he was in a weak and feeble state of health, being in the last stages of consumption. That prior to his marriage he had always been devoted to his sisters above named. That they learned, just before his death, when he was then dying and under the influence of opiates, that he had executed his said last will in the presence of A. Ogletree, the father of the said Annie O. Engram, and S. H. Dent, Jr., her attorney. That they were very much surprised to learn that he had willed all of his property, consisting of both real and personal estate, to his said wife, his bride of 90 days, and to the entire exclusion of his said sisters, to whom he was always devoted, and who had nursed and ministered to him in his sickness before his said marriage to the

said Annie O. Engram, upon the consummation of which they went off on a health or bridal tour, and soon after his return he died. That soon after his death his said sisters (naming them), not being satisfied with the disposition of the said property by said will, and not believing it was in accord with the natural feelings and affections of the said Major L. Ramser, or that it was his real desire, but believing that he had been unduly influenced by his said wife, and knowing that at least half of his estate was inherited by him from his father, Jacob Ramser, deceased, consulted with an attorney of high ability and standing in the city of Eufaula with reference to contesting the said last will and testament of the said Major L. Ramser, and they were assured by him that they had good grounds of contest and that there was reasonable hope of success in breaking said will. That it was their intention and purpose to file such contest, but before doing so, and while completing their arrangements to file such contest, and long before the time for such contesting had by law expired, the said Annie O. Engram, hearing that they intended to file such contest, besought them not to do so, and promised and agreed that, if they or neither of them would not file such contest, she would not demand or assert any interest or claim of her husband, Major L. Ramser, in or to any of the property bequeathed to him by the will of the said Jacob Ramser, deceased, except such part thereof as the said Major L. Ramser had already come into possession and enjoyment of in his lifetime; that is, that the said Annie O. Engram, then Annie O. Ramser, would not demand or assert any claim to that part of the property bequeathed to her late husband by his father, the vesting of or the possession of which had been postponed for some future day. That upon the face of and in consideration of said promise made as aforesaid by the said

Annie O. Engram the said sisters (naming them) agreed with the said Annie O. Engram not to contest the said will of her said husband and their brother, and they did not contest it for the promise made by the said Annie O. Engram, and the time to do so has long ago expired before the filing of the bill in this suit. The said promise and agreement of the said Annie O. Engram induced them not to file such contest, and in equity and good conscience she is now estopped from asserting said rights as claimed in her bill. The estate of the said Major L. Ramser, deceased, was perfectly solvent, and there is ample property to settle his debts, and a large sum over, outside of the sum sought to be recovered in the original bill; and that, therefore, the executrix of his estate is barred by said estopped against Annie O. Engram individually, the other party complaining, and the sole devisee and legatee of the will of said the Major L. Ramser, deceased. That there are not now and were no debts against the estate of Jacob Ramser, deceased, and were none at the time of the promise and agreement by the said Annie O. Engram as heretofore alleged. Wherefore, etc.

The first item in the will of Jacob Ramser, deceased, is as follows: "It is my will and desire, and I give and bequeath to my beloved wife, Mary Ramser, during her natural life, the homestead on which we now reside, with all the lands attached thereto, supposed to be about three acres; also all the household and kitchen furniture in use in my family. It is my further will and desire that at the death of my said wife, Mary Ramser, said homestead and said household and kitchen furniture shall be sold by my executor hereinafter named and the proceeds of said sale shall be divided equally between such of my children as I have made no special provision for in this my last will and testament, share and share alike."

[Crawford v. Engram, et al.]

The three children for which no special provision was made were Mrs. Mary Bowers, Mrs. Frances Fripp, and Major L. Ramser, and are so named in item 8 of the said will.

PEACH & THOMAS, and C. S. McDOWDELL, JR., for appellant. The pleas held insufficient sufficiently set up an estopped in pais.—11 A. & E. Ency of Law, 420; 130 Ala. 205; 80 Ala. 351; 94 Ala. 184; 91 Ala. 569; 109 Ala. 580; 25 Ala. 320; 35 Ala. 169; 67 Ala. 469 87 Ala. 385. A sufficient consideration was shown for not contesting.—11 Ala. 286 45 Ala. 134; 85 Ala. 260; 19 Ala. 260; 45 Ala. 765; 45 Am. Rep. 622.

G. L. COMER, for appellee. No estopped is shown by the pleas and the court properly held them insufficient. —*Prater v. Miller*, 25 Ala. 320; *Allen v. Prater*, 35 Ala. 169; *Ernst Bros. v. Holliday*, 86 Ala. 511; *Clanton v. Scruggs*, 95 Ala. 279; *Stewart v. Bradford*, 26 Ala. 410; *Ware, et al. v. Morgan*, 67 Ala. 461; *Weaver v. Bell*, 87 Ala. 385; *Russell v. Wright*, 98 Ala. 653; 2 Story's Eq. Jur. sec. 1548.

DOWDELL, J.—The appeal in this case is taken from the decree of the chancellor holding the respondent's plea insufficient as an answer to the bill and over-ruling the same. By the plea the defense of an estoppel in pais was sought to be set up against the bill. Under the authorities hereinafter cited, we are quite clear that no facts are stated in the plea out of which an estoppel could arise. The last will and testament of Major L. Ramser, deceased, had not been offered for probate at the time of the alleged promise by the complainant to the respondent. There was no pending suit between the parties in which any controversy existed. The plea does not aver as a fact that there was any reasonable ground

[Crawford v. Engram, et al.]

for the contest of said will, nor does it state facts from which the existence of a reasonable ground of contest might be fairly inferred. The mere statement in the plea that at the time of the alleged promise, relied on as an estoppel here, the respondent believed that there were grounds of contest, is far from averring that any reasonable ground or grounds in fact existed. Nor is such statement in her plea aided by the additional statement that she consulted with an attorney, who assured her that she had good grounds of contest.

Construing the plea most strongly against the pleader, as the rule requires, it avers nothing more than the mere existence of a controversy. In *Allen and Wife v. Prater*, 35 Ala. 169, 174, it was said by this court: "The mere existence of a controversy, which has not assumed the form of a pending suit, is not, without more, a sufficient consideration to support a verbal promise made in settlement of it. To sustain such a promise there must be some reasonable ground for the controversy. The promise of the defendant was therefore void, unless there was some reasonable ground for the existence of the controversy in the settlement of which it was made"—citing *Allen v. Prater*, 30 Ala. 459, and *Prater v. Miller*, 25 Ala. 320, 60 Am. Dec. 521. So in the case at bar, there being no pending suit and no averment in the plea of the existence of any reasonable ground of contest, the promise made in settlement of the controversy was void and would not support an action; and, unless a reasonable ground of contest in fact existed, the failure to contest, induced by the alleged promise of the complainant, occasioned no injury to the respondent. Unless injury resulted from the failure to contest, induced by the promise made in settlement of the controversy, there is no room for invoking the doctrine of estoppel. Where no valuable right is parted with, and no injury suffered;

21 R

as a general rule there can be no estoppel in pais. In addition to the authorities above cited, see the the folfowing cases, which are in point and support the conclusion of the chancellor: *Ware, Murphy & Co. v. Morgan & Duncan,* 67 Ala. 468; *Clanton v. Scruggs,* 95 Ala. 279, 10 South. 757; *Stewart v. Bradford,* 26 Ala. 410; *Weaver v. Bell,* 87 Ala. 385, 6 South. 298; *Russell v. Wright,* 98 Ala. 652, 13 South. 594.

The decree is affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.