(87 South. 807)

## S. A. WILLIAMS & CO. v. NEWMAN & HELLER. (6 Div. 118.)

(Supreme Court of Alabama. Dec. 2, 1920.)

I. Pleading ☞192(4)—Plea no better than weakest alternative on demurrer.

A plea in the alternative on demurrer was no better than its weakest alternative.

2. Estoppel ☞112—Plea in estoppel must be certain in every particular and allege facts.

Every plea in estoppel, as by the buyer of goods sued by the sellers for the price or value of the goods returned by express and some lost, must be certain in every particular, and must allege the facts upon which the plea is predicated; must, if opportunity be afforded for pleading, allege every material fact which the pleader expects to prove.

3. Estoppel ☞112—Plea in estoppel by defendant buyer against plaintiff sellers insufficient.

In suit by the sellers for the price or value of goods shipped to the buyer but returned by express and some of them lost, plea, alleging that defendant buyer with the consent or acquiescence of plaintiff sellers returned the goods by delivering them to a common carrier, etc., held insufficient as not measuring up to the rule that every plea in estoppel must be certain in every particular.

4. Estoppel ☞112—Pleas in avoidance by defendant buyer held insufficient to allege quasi estoppel.

In suit by the sellers for the price or value of goods shipped to the buyer but returned by express and some of them lost, defendant buyer's pleas in confession and avoidance, confessing that the buyer owed plaintiffs for the goods lost, and seeking to avoid the liability thus confessed by alleging that plaintiff sellers prepared and executed an affidavit to be pre-

sented to the carrier claiming the goods, relying on which defendants forebore to make claim of the carrier, *held* insufficient pleading of a quasi estoppel.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Assumpsit by Newman & Heller against S. A. Williams & Co., a corporation. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The following are the pleas referred to in the opinion:

(3) Comes the defendant, and for further answer to the complaint says that the account and claim sued on is for twelve coats delivered by the plaintiffs to the defendant, which said twelve coats, the defendant immediately, upon receipt thereof, with the consent or acquiescence of the plaintiffs, returned to the plaintiffs by delivering the same to a common carrier at Birmingham, Ala., consigned to the plaintiffs at their place of business in the city of New York, and plaintiffs received and accepted from the carrier the said package, but claimed that four of said coats were missing from said package, and the defendant avers that the said four coats were together with the said eight other coats in said package when delivered to the said carrier at Birmingham; that said carrier was the agent of the plaintiffs by original direction by the plaintiffs to the defendant to make it such, or by subsequently accepting said package and treating said carrier as its agent. And defendant avers that if said four coats were lost from said package it was due to the negligence of said carrier, the plaintiff's said agent, and that otherwise this defendant is not indebted to the plaintiffs.

(4) Defendant for further answer to the complaint and each count thereof says that the account and claim sued on is for twelve coats shipped and delivered by the plaintiffs at New York City to the defendant at Birmingham, Ala.; that the defendant promptly upon receipt of said twelve coats, with the consent or acquiescence of the plaintiffs, returned the said twelve coats to the plaintiffs by delivering the same in a package to a common carrier at Birmingham, Ala., consigned to the plaintiffs at their place of business in the city of New York; that plaintiffs received and accepted from said carrier the said package, but claimed that four of said coats were missing therefrom. And defendant avers that after the defendant received said package alleged to contain only eight of said coats, the plaintiff treated all of said twelve coats as the property of the plaintiffs and prepared and executed an affidavit to be presented to said carrier claiming said four coats as their property, a copy of which said affidavit is hereto attached marked "Exhibit A" and made a part hereof, and caused this defendant to execute and deliver to the plaintiffs an affidavit setting forth in substance and legal effect that in said package delivered to said carrier by the defendant, and received and accepted by said plaintiffs, there were at the time of the delivery of the same to the said carrier twelve coats. And this defendant avers

that it relied upon the claim of the plaintiffs that said twelve coats were plaintiffs' property after they were delivered to said carrier, and after plaintiff had prepared said affidavit of claim against said carrier. Wherefore defendant says that said plaintiffs are now estopped to deny that said four coats after being delivered to the carrier at Birmingham were not their property, and from denying that if said coats were lost by the carrier that the same was their property and not that of this defendant.

(6) Defendant for further answers to the complaint, and each count thereof, says that the account and claim sued on is for twelve coats shipped and delivered by plaintiffs at New York City, to the defendant at Birmingham, Ala.; that defendant promptly upon receipt of said twelve coats, with the consent or acquiescence of the plaintiff, returned said twelve coats to plaintiff by delivering the same to a common carrier consigned to plaintiff at their place of business in the city of Birmingham; the plaintiff received and accepted from said carrier said shipment at their place of business in the city of New York; that upon arrival of said package and receipt of same by plaintiffs four of the said coats delivered to said carrier were missing; thereupon the defendant and plaintiffs agreed that the said carrier to whom said coats were delivered was the plaintiff's agent and ratified and accepted said carrier as plaintiff's agent, and that the said four coats missing were the property of the plaintiffs, and as a part of said agreement and for the purpose of making claim for said four coats prepared and executed the affidavit, a copy of which is hereto attached marked "Exhibit A" and made a part hereof, and caused the defendant to prepare execute and deliver to plaintiffs for the purpose of plaintiffs making claim against said carrier an affidavit in substance and legal effect that said package contained twelve coats at the time of the delivery of said package to said carrier; and defendant said it relied upon said agreement as to said four coats being the property of the plaintiff and said carrier being plaintiff's agent on said occasion, and forebore and did not make a claim for said four coats of said carrier. Wherefore defendant says that said plaintiff cannot now be heard to say that said carrier was not their agent, and that said four coats missing from said package were not their property, and otherwise defendant is not indebted to plaintiff.

Beddow & Oberdorfer, of Birmingham, for appellant.

The court erred in overruling the demurrers to plea 3. 31 Cyc. 1237, 1242, 1246, 1247, 1263; 59 N. E. 1123; 139 La. 781, 72 South. 248; 68 Ala. 167; 11 Ala. 531. Court erred in sustaining demurrers to plea 4. Authority supra. Court erred in overruling demurrers to plea 6. Authority supra. The fact that the appeal is on the record and that a trial was had on the merits does not render the errors innocuous. 67 South. 414; 200 Ala. 691, 77 South. 234.

Ritter & Wynn, of Birmingham, for appellee.

There was no error in the ruling on the pleadings: 2 C. J. 467, 474; 1 Okl. 232, 32 Pac. 340; 80 Ind. 1; 18 Tex. 811.

SAYRE, J. Appellees sued appellant company, declaring on the common counts. Questions for review were reserved when the trial court sustained plaintiffs' demurrers to special pleas numbered 3, 4, and 6.

Plaintiffs' claim was for the price or value of 12 coats shipped by plaintiffs at New York to defendant at Birmingham; but, upon receipt of the goods, they had been returned by express to plaintiffs, and some of them had been lost in transit. The real controversy was about the goods that were lost, and defendant's effort in pleas 3 and 6 was to show that the express company was the agent of plaintiffs.

[1-3] Plea 3 was in the alternative, and, on demurrer, was no better than its weakest alternative. It is alleged that defendant "with the consent or acquiescence of the plaintiffs returned (the coats) to the plaintiffs by delivering the same to a common carrier at Birmingham," etc., and "that said carrier was the agent of the plaintiffs by original direction by the plaintiffs to the defendant to make it such, or by subsequently accepting said package and treating said carrier as its agent." The effect of the plea, construed against the pleader, is to say that plaintiffs treated the express company as their agent as to the goods lost by the simple act of accepting from it the returned package containing that part of the goods which had not been lost (manifestly, a non sequitur), or it sought to estop plaintiffs to deny that the express company was their agent by defendant's mere conclusion that plaintiffs so treated it; but the rule is that every plea in estoppel must be certain in every particular and must allege the facts upon which the plea is predicated—must, if opportunity be afforded for pleading, allege every material fact which the pleader expects to prove. Jones v. Peebles, 130 Ala. 269, 30 South. 564; 16 Cyc. 808. This plea does not measure up to this rule.

[4] Pleas 4 and 6, like plea 3, were pleas of confession and avoidance. They confessed therefore that defendant did owe plaintiffs for the four coats alleged to have been lost from the custody of the common carrier, thereby confessing that the property in the coats had passed to defendant and that the carrier in undertaking to return them to plaintiffs in New York had been the agent of defendant. Defendant sought to avoid the liability thus confessed by alleging (plea 4) that plaintiffs had "prepared and executed an affidavit to be presented to said carrier claiming said four coats as their property," and further that defendant had relied on plaintiffs' claim "that said twelve coats were plaintiffs' property after they were delivered to said carrier, and after plaintiffs had prepared said affidavit of claim against said carrier," and (plea 6), in effect, that the parties agreed that the carrier was the agent of plaintiffs, that plaintiffs prepared a claim against the carrier and in aid thereof caused defendant to make an affidavit to the effect that the package delivered to the carrier contained twelve coats—a fact about which there was no dispute between plaintiffs and defendant—and further that defendant "relied upon said agreement as to said four coats being the property of the plaintiffs and said carrier being plaintiffs' agent on said occasion and forbore and did not make a claim for said four coats of said carrier."

The species of estoppel here invoked—quasi estoppel, it is commonly called—rests upon the principle that where a person has, with knowledge of the facts, asserted a particular claim, title, or right, he cannot afterwards assume a position inconsistent with such claim, title, or right, to the prejudice of another. 16 Cyc. 785, where many cases are cited. For aught we can see, bearing in mind the confession of the plea, defendant, as against plaintiffs, had no right to rely upon plaintiffs' claim against the carrier, nor does the plea disclose for what, to what end, or with what effect prejudicial to defendant, the latter relied on plaintiffs' claim. As for plea 6, it does not appear that the alleged agreement was a contract supported by consideration; it must therefore be treated on demurrer as the mere mutual assent to the proposition that the carrier was the agent of plaintiffs, not true, as the plea confessed, and as to which the plea alleged nothing beyond its confession. As in the case of plea 4, it is not made to appear that plaintiffs' affidavit, though prepared, was used to any effect, or at all. Still bearing in mind the confession of the plea, we are unable to see that the mere preparation of the affidavit furnished any reason why defendant should not have claimed of the carrier compensation for the coats that were lost nor does the plea show how or in what manner defendant has been prejudiced by his forbearance to make a claim against the carrier for said coats. Non constat, defendant may yet assert its rightful claim against the carrier.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.