45 So.2d 778

**CITY OF MOBILE v. GEORGE et al.**

1 Div. 359.

Supreme Court of Alabama.

March 23, 1950.

Rehearing Denied May 4, 1950.

Harry Seale, of Mobile, for appellant.

Chas. B. Arendall, Jr., and Smith, Hand, Arendall & Bedsole, of Mobile, for appellees.

STAKELY, Justice.

Pierce L. Reeves, a police officer of the City of Mobile, was killed on September 24, 1944, when the motorcycle he was rid-

ing struck a hole or depression in Virginia Street in that city. His administratrix made demand on the City of Mobile pursuant to § 503, Title 37, Code of 1940, for the name of such person or corporation as should be joined as defendant under the provisions of the foregoing statute.

The city in due course furnished the plaintiff with the names of Carey W. George and Lorraine M. George, individually and as partners doing business as Carey W. George and Associates. The administratrix then filed suit against the city and the George defendants for the alleged wrongful death of decedent. We shall refer to that case as the first suit.

The first suit charged the George defendants with creating the defect in the street and charged the City of Mobile with permitting such defect to remain in the street for an unreasonable length of time. City of Mobile v. Reeves, 249 Ala. 488, 31 So.2d 688. Upon the trial of the case the George defendants were acquitted because there was no proof that they caused the defect in the street. On the other issue, however, that the city permitted the hole or depression (caused other than by the George defendants) to remain in the street for an unreasonable length of time, the administratrix was successful and there was verdict and judgment against the City of Mobile. A motion for a new trial was made by the City of Mobile but was overruled. The City of Mobile thereupon took an appeal with the result that the judgment of the lower court was affirmed in this court. On the appeal the City of Mobile asserted, among other things, (a) the complaint failed to charge the George defendants with initial negligence which caused the defect and (b) the George defendants were not entitled to the affirmative charge and the city could not be held to be alone liable. Similar contentions had been made in the trial court by the City of Mobile. The foregoing contentions, however, were rejected by this Court and it was held with respect to the George defendants that although they were charged with causing the defect in the street, the proof showed that they had not done so and the judgment in their favor on this issue was proper.

The City of Mobile then brought the present case (the second suit) against the George defendants and their surety Standard Accident Insurance Company. The present suit is based on a contract by which the George partnership had undertaken to construct a sewer line in the City of Mobile, part of the line running along Virginia Street in that city. It is alleged that in the contract for the doing of the job the partnership agreed to be responsible for all damages to persons or property which might occur as a result of their fault or negligence in connection with the work and that by reason of such fault or negligence in the doing of the work on Virginia Street, the City of Mobile was required to pay the sum claimed by the personal representative of Pierce L. Reeves, who was killed because of a dangerous and defective hole in Virginia Street caused to exist by the negligence of the partnership. The complaint further charged that the defendant Standard Accident Insurance Company had become surety for the partnership defendants on the contractor's bond. The complaint also charged that the defendants had failed or refused to pay the loss suffered by the City of Mobile as under the contract they were required to do.

The defendants filed a special plea which in substance set forth that Modine Green Reeves, as Administratrix of the Estate of Pierce L. Reeves, deceased, had sued the City of Mobile and the George defendants because of the death of Reeves arising out of the defect on Virginia Street, that the circuit court had given the general charge in favor of the George defendants on the question of their liability and judgment rendered in favor of the George defendants and that the jury had awarded a verdict against the City of Mobile and that on appeal additional amounts were added thereto by way of penalty and interest. The plea further charged that in the suit by the administratrix against the City of Mobile the George defendants were joined as parties pursuant to § 503, Title 37, Code of 1940, and that the judgment in that case determined the George defendants were not guilty of creating the defect in the street which resulted in the death of Reeves and .

were not guilty of initial negligence and that the City of Mobile was responsible for the death of Reeves and was attempting to relitigate an issue which had been conclusively determined against it in the first suit. Demurrer to the plea was overruled.

The City of Mobile then filed a joinder of issue on the plea and also filed a special replication setting up that throughout the trial of the Reeves case, the attorneys for the George defendants sat with the city attorney, collaborated in the presentation of a defense with full knowledge of the issues involved, actively assisted the City Attorney in conducting the defense including the selection of the jury, propounding interrogatories to the witnesses, determining the order in which the witnesses took the stand and generally worked with the city attorney in conducting the defense in the Reeves case. The court sustained the demurrer to the special replication.

Upon trial of the case the court gave the general affirmative charge in favor of the defendants on their request and the jury returned a verdict in line with such instructions. Judgment was entered for the defendants. Hence this appeal.

I. The pivotal question in the case appears to be presented by the ruling of the court on the demurrer to the special plea. The question may be stated as follows. Where a city and its contractor are joined as parties, pursuant to § 503, Title 37, Code of 1940, in a proceeding in which the issue is drawn of whether the contractor caused a defect in a street which resulted in the death of a user of such street and there is an adjudication that the contractor did not cause such defect, may the city subsequently obtain indemnity from the contractor where an essential requisite of recovery by the city is an adjudication that the contractor did cause such defect? We think the question should be answered in the negative and that the court ruled correctly in overruling the demurrer to the plea.

At the outset we note that the present case is based on a contract of indemnity and is also brought against the Standard Accident Insurance Company as surety on the contract. The joinder of the surety obviously does not affect this case because if the Georges, the alleged principal indemnitors, are not liable to the city, there can be no liability on this surety. Furthermore while section 503 contemplates the bringing into the case of a third party claimed to be guilty of a tort, the mere fact that the present case is a suit on a contract is not important because the contract is one of protection against the fault or negligence of the George defendants in the sewer construction. In other words the issue in the first case was the negligence of the George defendants in causing the defect in the street and the issue in the present is likewise the negligence of the George defendants in causing the defect in the street even though the present suit is for indemnity against such defect based on a contract.

The theory of the appellant is that while the City of Mobile and the Georges were both defendants in the first suit, they made separate answers and defenses through different attorneys, there was no cross pleading or issue between them, neither had any control over the defense of the other and neither could take up for review a judgment against the other which was adverse. Therefore it is insisted that the suit was in effect separate and independent suits against the city and the Georges and the issues tried in the first suit could not be res adjudicata of the issues in the second suit or create an estoppel effective against the second suit.

But there is no escape from the proposition that in the second suit the city seeks to have a determination that the Georges caused the defect in Virginia Street even though it was adjudicated in the first suit that the Georges did not cause such defect. And both the city and the Georges were parties to the first suit as they are now parties in the second suit. To solve the problem we must examine the effect of § 503 on the situation when taken in connection with underlying principles.

■ It is true that even without such a statute as § 503, a city has some remedy in cases where the active negligence of a contractor or other person causes injury

to a third person. If in such a situation a city is held liable to the injured person because of the passive negligence of the city in failing to remedy the defect, the city has rights over against the contractor or other person who was not sued by the injured party but who was guilty of active negligence. This is a right of indemnity and is enforceable despite the general rule forbidding indemnity between joint tort-feasors. This is true because the city is not considered as being in pari delicto with the person who caused the defect. 31 C.J. p. 448; 42 C.J.S., Indemnity, § 22; Mallory Steamship Company v. Druhan, 17 Ala. App. 365, 84 So. 874. But the foregoing right of indemnity is attended with difficulties. (1) The City is put to the trouble and expense of two trials in one of which it defends against the third party and in the other of which it seeks indemnity against the active wrongdoer and (2) the test of "notice and opportunity to defend" become applicable when the indemnitee seeks to establish the conclusiveness of the judgment as against the indemnitor. King v. Capitol Amusement Co., 222 Ala. 115, 130 So. 799; Freeman on Judgments, 5th Ed., § 447. But § 503, Title 37, Code of 1940, removes each of these difficulties in that it provides for the obtaining of indemnity by the city (a passive wrongdoer) in the same action in which the third party establishes his right to damages. And there is, of course, no question of "notice and opportunity to defend" as between the indemnitee and the indemnitor because the issue of the alleged indemnitor's wrongdoing has been determined in a suit to which he was a party. This statute (§ 503) expressly provides that "if an action be brought against the city or town alone and it is made to appear that any person or corporation ought to be joined as a defendant in the suit according to the provisions in the preceding section, the plaintiff shall be nonsuited * * *." So if either by evidence of the injured party or by evidence of the defendant city it appears that another person or corporation may have been guilty of active wrongdoing, the disposition of that question is required to be determined at the risk of the injured party's recovery. This statute further provides for the compulsory joinder of the alleged active wrongdoer in order that the issue of his primary liability may be determined when the name of such person or corporation is furnished by the municipality.

It clearly appears that the city got the full benefit of this statute in the first case. The city pointed to the Georges as those primarily liable when the claim was made against it for the death of Reeves. This required joinder of the Georges as defendants in the suit and they were accordingly made parties thereto. Upon the trial the Georges were subjected to the risk of all evidence going to the issue of whether they created the defect in Virginia Street, whether such evidence was presented by the plaintiff or by the city. They successfully defended on this issue as is shown by the opinion of this Court on appeal in the first case. If they had been unsuccessful the city would have obtained indemnity. Now since the city was held not to be entitled to indemnity in the first case, can it obtain indemnity in the second suit? It seems to us that it was the clear intention of the legislature to settle the question of primary responsibility in the suit to which the indemnitor and indemnitee were each made a party. And we point out that the city had full opportunity to introduce evidence to show the liability of the Georges, City of Birmingham v. Muller, 197 Ala. 554, 73 So. 30, and could on appeal from the judgment against it assign errors in connection with rulings as to the Georges. City of Birmingham v. Young, 246 Ala. 650, 22 So. 2d 169; City of Mobile v. Reeves, supra; City of Birmingham v. Muller, supra.

An examination of Freeman on Judgments, 5th Ed., shows the law of res adjudicata is comprised of many general rules each of which is subject to many well-recognized exceptions or qualifications. These rules and exceptions or qualifications appear in § 407 et seq. We think it sufficient, however, to set out § 425 as follows: "But if an adjudication of issues is made between coparties it is res judicata in subsequent litigations between them,

even though their separate answers did not purport to raise such issue as to each other. In so far as their rights or obligations inter se are dependent upon their rights or obligations toward their common adversary, the judgment adjudicating the latter is conclusive upon codefendants in subsequent litigation between them, as where one charges the other with responsibility for not doing or attempts to compel him to do what they have previously been enjoined by a third party from doing, or where one of two defendants sued as joint tort-feasors seeks indemnity from the other who was exonerated in the action against them, or a party held liable as an active tort-feasor seeks indemnity from one whom he had in effect made a party by notifying him to defend on the theory that the latter was the active wrongdoer."

Similarly in 31 C.J. p. 464; 42 C.J.S., Indemnity, § 32, it is said: "The indemnitee is concluded as to facts established in the former action against him; and hence, if it appears that the judgment in the first action was based upon a finding of fact fatal to the recovery in the second, the action over cannot be maintained."

Again it is said: "Joint suit. Where the indemnitee and indemnitor are jointly sued by an injured party, the two defendants are adversary parties, and a judgment in favor of the indemnitor and against the indemnitee is res judicata in an action by the indemnitee against him, if the petition stated a cause of action against the indemnitor." See, also, 42 C.J.S., Indemnity, § 32.

Again in 43 C.J. p. 1317, § 2067, 63 C. J.S., Municipal Corporations, § 946, the rule is stated: " * * * a judgment in favor of a codefendant primarily liable bars the municipality's right of action against the former, unless reversed on appeal."

The principle has likewise been stated in § 106 of the Restatement of the Law of Judgments as follows: "Where an action is brought against two persons who are claimed to be parties in a single contract or liable for a single harm, and valid and consistent judgments are rendered with respect to each, the judgment for or against one of them is conclusive upon the other as to matters decided therein, in a subsequent action between them for indemnity or contributions, if and only if the other had an opportunity to defend or to participate in the defense."

In Kansas City v. Mullins, 200. Mo.App. 639, 209 S.W. 558, 559 the city sued to recover the amount it paid upon a judgment rendered against it in favor of Susie Hutchinson. A Missouri statute provided, like § 503, Title 37, Code of 1940, that when a city is sued on a cause of action which arose from the wrongful act of a third person who thereby became primarily liable, the city could require such third person to be joined as a party defendant. Accordingly Susie Hutchinson had been required to proceed against Mullins as well as the city. On the trial of the cause Mullins obtained a peremptory instruction and in a subsequent suit pleaded that judgment as res judicata. The court said: "Where the city and a wrongdoer who is primarily liable are jointly sued by an injured party, the two defendants are adversary parties, and a judgment in favor of the property owner is res adjudicata in an action by the city against him." See Wiggin v. City of St. Louis, 135 Mo. 558, 37 S.W. 528; Costello v. Kansas City et al., 209 Mo.App. 155, 232 S.W. 165.

But the underlying principle even where there is no statute similar to § 503 is illustrated by the case of Town of Flagstaff v. Walsh, 9 Cir., 9 F.2d 590, certiorari denied 273 U.S. 695, 47 S.Ct. 92, 71 L.Ed 844. The town and Walsh had a contract for the construction of a sewer by Walsh. Under this contract Walsh agreed to indemnify the town against "all liability, judgments, costs, and expenses, which might in anywise come against the said town or which may in anywise result from the carelessness or neglect" of Walsh. A surety executed the bond to the town guaranteeing the performance by Walsh of the contract. While the work was in progress Victoria Gomez fell into an open manhole and lost her life. Suit was brought against the town and the contractor and resulted in a judgment against the town and in favor of the contractor. The town

then brought suit to recover indemnity from the contractor and his surety. The contentions of the parties were as follows: "Defendants contend that the judgment rendered in favor of the contractors in the Gomez Case is an adjudication binding on plaintiff that there was no such actionable carelessness or neglect on their part. Plaintiff contends that this judgment is not binding on plaintiff, because it was rendered subsequent to the judgment against plaintiff, and also because there were no cross-pleadings in the Gomez Case between the several defendants therein."

The court said: "But it is a fundamental precept of the law of res judicata that the questions raised by the issues, actually litigated and determined by the judgment or decree, are settled thereby, and the judgment or decree may be relied upon as an estoppel by any party as against any other party."

Continuing the court held: "Because of the previous adjudication, plaintiff cannot be heard to say that the death of Victoria Gomez was due to the carelessness or neglect of the contractors." See also Fidelity & Casualty Co. of N. Y. v. Federal Express, 6 Cir., 136 F.2d 35; National Bondholders Corp. v. Seaboard Citizens National Bank, 4 Cir., 110 F.2d 138; American Surety Co. of New York v. Singer Sewing Machine Co., D.C., 18 F. Supp. 750.

As stated we do not think that the appellant should be allowed to relitigate the question presented and decided in the first suit. This cannot be done under § 503, Title 37, Code of 1940, and the authorities which we think are based on correct principles.

II. There was no error in sustaining the demurrer to the replication. It is enough to say that there is nothing to show that the city so relied on the words or conduct of the Georges or their representatives as to be misled or change its position to its detriment. Houston National Bank of Dothan v. Eldridge, 17 Ala.App. 235, 84 So. 430; Crawford v. Engram, 157 Ala. 314, 47 So. 712; Emerson-Brantingham Implement Co. v. Arrington, 216 Ala.

21, 112 So. 428. The facts alleged are not sufficient to raise an estoppel against the Georges. Hall v. Anderson, 126 Ala. 449, 28 So. 531, 61 L.R.A. 621, 85 Am. St.Rep. 53; S. A. Williams & Company v. Newman & Heller, 205 Ala. 86, 87 So. 807.

Since we find no error in the record, the judgment of the lower court must be affirmed.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.