John W. Jiles filed this action against Quality Homes Company, who manufactured the mobile home Jiles had purchased from Circle South (a mobile home retailer); against Circle South; against Empiregas of Daleville, a propane gas supplier; and against certain fictitious defendants, for damages based on an explosion that occurred in Jiles's mobile home on January 13, 1983. Jiles purchased the mobile home on December 21, 1982, and he alleged that the explosion was caused by the gas supply line not being properly connected to a gas range. Jiles brought this action against the defendants under the theories of (a) breach of express or implied warranty; (b) breach of warranty of merchantability; (c) negligence and wantonness; (d) the Alabama Extended Manufacturer's Liability Doctrine; and (e) fraud (false and fraudulent representations).
Quality Homes filed a motion to bring in a third-party defendant, Sears, Roebuck and Company, the manufacturer of the gas range; and the motion was granted. Quality Homes' third-party complaint alleged that if Quality Homes was liable to Jiles, Sears was liable to Quality Homes because Sears manufactured the gas range involved in the explosion and (1) Sears failed to properly service the gas range as required in its written or implied agreement or warranty; (2) Sears expressly and impliedly warranted fitness and merchantability to Quality Homes and Jiles; (3) Sears was obligated to make indemnification due to its breach of warranty and contract; and (4) Sears negligently or wantonly repaired or serviced the range.
Sears filed a motion to dismiss the third-party complaint, which was granted. The trial court made that dismissal final by a Rule 54 (b), Ala.R.Civ.P., order. Quality Homes appeals. We reverse and remand.
Nothing was considered by the trial court in this case except the third-party complaint and the motion to dismiss; clearly, the motion was not treated as a motion for summary judgment, with all parties being given an opportunity to present all pertinent material as provided by the last sentence of Rule 12 (b). Therefore, this Court must test the action of the trial court under the standard of review applicable to *Page 2 
a motion to dismiss under Rule 12 (b)(6). Roberts v. Meeks,397 So.2d 111 (Ala. 1981). The same appellate standard of review applicable to the dismissal of a complaint is applicable to the dismissal of a third-party complaint filed under Rule 14. Motions to dismiss under Rule 12 (b)(6) should be granted sparingly, and such a dismissal is proper only when it appears beyond doubt that the third-party plaintiff can prove no set of facts in support of the claim which would entitle the third-party plaintiff to relief. Committee Comments to Rule 8, Ala.R.Civ.P., Garrett v. Gilley, 488 So.2d 1360 (Ala. 1986).
Rule 14, Ala.R.Civ.P. ("Third-Party Practice"), is procedural only, see 1 C. Lyons, Alabama Rules of Civil ProcedureAnnotated 238 (1986); it permits the defendant to cause a summons and complaint to be served upon a person who is not a party to the action but is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. "[T]hird-party practice cannot undermine the Alabama law which denies contribution among joint tortfeasors. Thus a defendant cannot use Rule 14 as the vehicle for tendering to the plaintiff a defendant which the plaintiff has elected not to sue." 1 C. Lyons, supra, at 238.
If in the third-party complaint Quality Homes, as an alleged tortfeasor, seeks only to obtain contribution from Sears, as a joint tortfeasor, then the trial court did not err in granting the motion to dismiss, for in that case Quality Homes could prove no set of facts in support of the claim which would entitle it to relief.[1] In Jiles's complaint he alleges that Quality Homes breached an express or implied warranty of fitness and merchantability. In the third party complaint, Quality Homes alleges that Sears breached an express and implied warranty of fitness and merchantability to Quality Homes and Jiles; and, further, that Quality Homes is entitled to indemnification from Sears due to a breach of warranty and breach of contract by Sears. Therefore, we cannot say that it appears beyond doubt that Quality Homes cannot prove any set of facts in support of a claim against Sears which would entitle Quality Homes to relief. The motion to dismiss should not have been granted.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] Quality Homes argues the applicability of the exceptions to the no-contribution-among-joint-tortfeasors rule enunciated inHuey v. Dykes, 203 Ala. 231, 82 So. 481 (1919) (when tortfeasor seeking contribution is liable only by reason of the other's negligence or fault); Mallory S.S Co. v. Druhan, 171 Ala. App. 365,84 So. 874 (1920), City of Mobile v. George, 253 Ala. 591,45 So.2d 778 (1950), and Sherman Concrete Pipe Machinery, Inc.v. Gadsden Concrete Metal Pipe Co., 335 So.2d 125 (Ala. 1976) (when one tortfeasor is guilty of only passive or constructive negligence and the other is guilty of active negligence). We disagree. Quality Homes contends that Sears, in performing warranty repair work on the gas range, left the range in a defective condition. If so, then the action of Sears could break the chain of causation between Quality Homes' alleged negligent/wanton act and the injury, and thereby relieve Quality Homes of its liability, General Motors Corp. v.Edwards, 482 So.2d 1176 (Ala. 1985). This defense (lack of causation) can be raised by Quality Homes under a general denial.