Stenum Hospital ("Stenum"), Sue Hart, James Rider, Malte Peterson, Dr. Jens Dannenberg, Dr. Karl Ritter-Lang, Dr. *Page 2 
Heiner Beese, and Dr. Hans-Georg Zechel, third-party defendants in an action pending in the Madison Circuit Court (hereinafter referred to collectively as "the hospital parties"), petition this Court for a writ of mandamus directing the trial court to vacate its order denying their motion to dismiss the third-party complaint filed against them by Madison Square Associates, Ltd. ("Madison Square"), ERMC II, L.P., CBL Associates Properties, Inc., and CBL Associates Management, Inc. (hereinafter referred to collectively as "the mall parties"), and to enter an order dismissing the third-party complaint. We grant the petition and issue the writ.
 I. Factual Background and Procedural History
In February 2007, Elizabeth Duncan slipped and fell on a wet tile floor at Madison Square Mall in Huntsville. Madison Square Mall is owned by Madison Square; the other mall defendants manage the mall and provide security or housekeeping services. According to her second amended complaint, Elizabeth sustained a fracture to her left patella and "aggravated and/or sustained injuries to her spine, including her neck and back." She became partially paralyzed *Page 3 
after she underwent disk-replacement surgery at Stenum, which is located in Germany. Elizabeth and her husband, John, subsequently sued the mall parties. Elizabeth alleged claims of negligence and wantonness resulting in the injuries she suffered when she fell; John alleged a claim of loss of consortium.
During the litigation process, the mall parties filed a third-party complaint against the hospital parties. Stenum, a German hospital, advertises on the Internet and has marketing representatives in the United States; the other hospital parties are employees and/or representatives of Stenum. In their third-party complaint, the mall parties alleged claims of medical malpractice, fraud, negligence per se, breach of contract, abandonment of contract, abandonment of professional relationship, battery, the tort of outrage, and lack of informed consent. In their prayer for relief in their third-party complaint, the mall parties requested (1) that the hospital parties be required to reimburse Madison Square for any damages awarded to the Duncans; (2) that the hospital parties be found liable for all damages incurred by the mall parties as a result of the hospital parties' conduct; *Page 4 
and (3) that the hospital parties be required to reimburse the mall parties for fees, costs, and expenses incurred in having to defend against the Duncans' claims and in having to file a third-party complaint because of the hospital parties' alleged misconduct.
The hospital parties moved to dismiss the third-party complaint, asserting all the defenses in Rule 12(b)(1) through (6), i.e., lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and failure to state a claim on which relief can be granted. The mall parties opposed the motion; the trial court denied the motion without comment, and the hospital parties then petitioned this Court for a writ of mandamus.
 II. Standard of Review
This Court has recognized that "[m]andamus review is available where the petitioner challenges the subject-matter jurisdiction of the trial court based on [a third-party complainant's] alleged lack of standing to bring the lawsuit." Ex parte HealthSouthCorp., 974 So. 2d 288, 292 (Ala. 2007). Furthermore, *Page 5 
 "`[m]andamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995). The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So. 2d 805 (Ala. 2000)."
Ex parte Liberty Nat'l Life Ins. Co.,888 So. 2d 478, 480 (Ala. 2003) (emphasis omitted).
 III. Analysis
The hospital parties argue that the dispositive issue presented by their petition for the writ of mandamus is whether the mall parties have standing to assert the claims made in the third-party complaint. The hospital parties maintain that the mall parties do not have standing; therefore, the hospital parties argue, the trial court does not have jurisdiction over the claims asserted in the third-party complaint and has "no alternative but to dismiss the action." State v. Property at 2018 Rainbow Drive,740 So. 2d 1025, 1028 (Ala. 1999).
This Court has explained the requirement of standing as follows: *Page 6 
 "`To say that a person has standing is to say that that person is the proper party to bring the action. To be a proper party, the person must have a real, tangible legal interest in the subject matter of the lawsuit.' Doremus v. Business Council of Alabama Workers' Comp. Self-Insurers Fund, 686 So. 2d 252, 253 (Ala. 1996). `Standing . . . turns on "whether the party has been injured in fact and, whether the injury is to a legally protected right."' [State v. Property at] 2018 Rainbow Drive, 740 So. 2d [1025,] 1027 [(Ala. 1999)] (quoting Romer v. Board of County Comm'rs of the County of Pueblo, 956 P.2d 566, 581 (Colo. 1998) (Kourlis, J., dissenting)) (emphasis omitted). In the absence of such an injury, there is no case or controversy for a court to consider. Therefore, were a court to make a binding judgment on an underlying issue in spite of absence of injury, it would be exceeding the scope of its authority and intruding into the province of the Legislature. See City of Daphne v. City of Spanish Fort, 853 So. 2d 933, 942 (Ala. 2003) (`The power of the judiciary . . . is "the power to declare finally the rights of the parties, in a particular case or controversy. . . ."' (quoting Ex parte Jenkins, 723 So. 2d 649, 656 (Ala. 1998))); Allen v. Wright, 468 U.S. 737, 752, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984) (`[T]he law of Art. III standing is built on a single basic idea — the idea of separation of powers.')."
Town of Cedar Bluff v. Citizens Caring for Children,904 So. 2d 1253, 1256 (Ala. 2004).
Standing requires a real injury to a legally protected right that belongs to the party asserting the claim, the hospital parties say, and cannot be based on an alleged injury to a right of a third party. Because the Duncans have not *Page 7 
alleged that the hospital parties committed any tort that resulted in injury to them, the hospital parties argue, the mall parties cannot make such allegation on the Duncans' behalf. The hospital parties maintain that the mall parties have appropriated the Duncans' potential claims and have asserted causes of action in the third-party complaint as if the claims are legally protected rights belonging to the mall parties. The hospital parties also argue that the third-party complaint filed by the mall parties does not state a claim for indemnity or contribution.
The allegations in the third-party complaint clearly do not state a claim for indemnity or contribution. Each count in the third-party complaint deals with some aspect of Elizabeth's surgery and her resulting paralysis. The mall parties do not have a "real, tangible legal interest in the subject matter of the lawsuit" initiated by their third-party complaint against the hospital parties — Elizabeth's injuries allegedly suffered following her surgery to repair the injury suffered when she fell. Nevertheless, the mall parties argue that the Alabama Rules of Civil Procedure do not require any specific language in a pleading but require only that the *Page 8 
pleading contain enough information to put the other party on notice of what the pleading is alleging. Even though their third-party complaint does not contain a claim for indemnity or contribution, the mall parties contend that because they included in their prayer for relief a claim for reimbursement the third-party complaint adequately put the hospital parties on notice that the mall parties were asserting a claim for indemnity from the hospital parties for any damages ultimately awarded the Duncans in the action against the mall parties.
Rule 8(a), Ala. R. Civ. P., provides:
 "A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks."
It is settled law that the purpose of notice pleading is to provide a defendant with adequate notice of the claims against it and that, pursuant to the rules of pleading, a court will construe a pleading liberally to effect the purpose of the Alabama Rules of Civil Procedure. Ex parte International Refining Mfg. Co.,972 So. 2d 784, 789-90 (Ala. 2007). It is well settled that, under Alabama law, joint tortfeasors are not entitled to contributions from one another and that, *Page 9 
subject to limited exceptions not applicable here, joint tortfeasors are not entitled to indemnity from one another. J.C.Bradford Co. v. Calhoun, 612 So. 2d 396 (Ala. 1992).
The claims asserted in the mall parties' third-party complaint are all claims against the hospital parties that only the Duncans can assert. The third-party complaint alleges (1) that Stenum, Peterson, Dr. Dannenberg, Dr. Beese, Dr. Ritter-Lang, and Dr. Zechel committed malpractice in their treatment of Elizabeth; (2) that Stenum, Hart, Rider, Peterson, Dr. Ritter-Lang, and Dr. Zechel fraudulently induced Elizabeth to undergo treatment at Stenum; (3) that the conduct of Hart, Rider, and Peterson constituted negligence per se; (4) that Stenum, Hart, Peterson, Dr. Ritter-Lang, and Dr. Zechel breached their contract with Elizabeth; (5) that Dr. Ritter-Lang abandoned the contract with Elizabeth; (6) that Dr. Ritter-Lang abandoned the professional relationship he had with Elizabeth when he did not perform her surgery and allowed Dr. Dannenberg and Dr. Beese to perform the surgery; (7) that Dr. Dannenberg and Dr. Beese committed battery upon Elizabeth when they performed her surgery instead of Dr. Ritter-Lang; (8) that the conduct of Stenum, Peterson, Dr. Ritter-Lang, Dr. *Page 10 
Dannenberg, Dr. Zechel, and Dr. Beese toward Elizabeth was outrageous; and (9) that Stenum, Peterson, Dr. Ritter-Lang, Dr. Dannenberg, Dr. Zechel, and Dr. Beese lacked Elizabeth's informed consent to the surgery performed at Stenum.
Rule 14, Ala. R. Civ. P., permits a defendant, as a third-party plaintiff, to have a summons and complaint served upon one who is not a party to the action but who is or may be liable to the defendant for all or some portion of the plaintiff's claims against the defendant. Quality Homes Co. v. Sears,Roebuck Co., 496 So. 2d 1, 1-2 (Ala. 1986). According to the Committee Comments to Rule 14, the rule cannot be used by one joint tortfeasor to implead another.
 "Rule 14 is entirely procedural in nature and will not affect substantive rights. It does not establish a right of reimbursement, indemnity nor contribution, but merely provides a procedure for the enforcement of such rights where they are given by the substantive law. For example, negligent joint tortfeasors do not have a right of contribution against each other in Alabama. Gobble v. Bradford, 226 Ala. 517, 147 So. 619 (1933). Thus if a plaintiff sues one of two negligent joint tortfeasors, the one sued cannot implead the other under Rule 14, for he has no substantive right against the other."
Rule 14, Ala. R. Civ. P., Committee Comments on 1973 Adoption (emphasis added). See also 1 C. Lyons, Jr., and A. Howell, *Page 11 Alabama Rules of Civil ProcedureAnnotated § 14.1 (4th ed. 2004):
 "[T]hird-party practice cannot undermine the Alabama law which denies contribution among joint tortfeasors. Thus, a defendant cannot use Ala. R. Civ. P. Rule 14 as the vehicle for tendering to the plaintiff a defendant which the plaintiff has elected not to sue.
 ". . . .
 "The province of a third party claim is therefore limited to instances of contractual indemnification from a claim or the indemnification that flows from circumstances where the defending party is entitled to stand in the shoes of claimant if the defending party is liable to the claimant. See Home Ins. Co. v. Stuart-McCorkle, Inc., 291 Ala. 601, 285 So. 2d 468, 91 A.L.R. 3d 468, 91 A.L.R. 3d 833 (1973). . . . Compare Ala. R. Civ. P. Rule 13(g), cross-claims, which can embrace either a claim for indemnity or a claim which merely arises out of the same transaction or occurrence that is the subject matter of the original action or of a counterclaim therein or relating to any property that is the subject of the original action.
 ". . . .
 "Under Alabama law, the third-party complaint is not a vehicle through which the original defendant tenders another party omitted from the action by the plaintiff and who is alleged to be either jointly liable to the plaintiff along with the originally named defendant or solely liable to the plaintiff. The substantive proscription against contribution renders the third-party complaint for indemnity legally insufficient under Alabama law if the would-be third party defendant is merely a fellow culprit. *Page 12 
 "If the potential third-party defendant is alleged to be the sole wrongdoer, the third party complaint is also insufficient as it does not sound in indemnity. The defendant's proper course of action where some one else is perceived to be the sole wrongdoer is the defense of lack of causation available under a denial of the corresponding allegation in plaintiff's complaint. . . ."
(Emphasis added.)
The fact that the mall parties request "reimbursement" from the hospital parties in their prayer for relief in the third-party complaint does not transform the mall parties' third-party action into one for indemnity. The third-party complaint does not seek either contractual indemnification or indemnification resulting from a circumstance where the mall parties are entitled to stand in the shoes of the Duncans. The mall parties' third-party complaint alleging medical malpractice and other related claims against the hospital parties has the effect of tendering to the Duncans defendants they have elected not to sue, an impermissible use of third-party practice. If the mall parties are alleging that the hospital parties, instead of the mall parties, are liable to the Duncans, they have used the wrong procedural vehicle in attempting to assert their claims in a third-party complaint filed under Rule 14. Because the mall parties' third-party *Page 13 
complaint does not allege any claims other than those that could be brought only by the Duncans, the mall parties clearly are not the proper parties to assert those claims; therefore, they lack standing. In the absence of standing on the part of the mall parties to assert the claims made in the third-party complaint, the trial court does not have jurisdiction over the third-party complaint and should have dismissed it.
 IV. Conclusion
We grant the petition, and we direct the trial court to vacate its order denying the hospital parties' motion to dismiss the third-party complaint and to enter an order dismissing the third-party complaint. Our conclusion that the mall parties lack standing to assert the claims they assert against the hospital parties in the third-party complaint pretermits our consideration of the other arguments made by the parties.
PETITION GRANTED; WRIT ISSUED.
Malone, C.J., and Woodall and Bolin, JJ., concur.
Murdock, J., concurs in the result. *Page 1