We will assume, without deciding, that the plaintiff, a foreign corporation, was doing business in Alabama. Nevertheless, because the undisputed facts show that the plaintiff's activities in Alabama constituted interstate commerce, we hold that § 232, Alabama Constitution 1901, and Ala. Code 1975, § 10-2A-247 and § 40-14-4, which bar a foreign corporation not qualified to do business in Alabama from enforcing its contracts in the courts of this state, are inapplicable.
The issue is not whether the plaintiff was doing business in Alabama, but whether its business activities were intrastate or interstate in nature. If the activities of a foreign corporation are interstate, then its doing business here is protected by the Commerce Clause of the United States Constitution, and Alabama's nonqualifying statutes, which otherwise might interfere with or prohibit the business, are inapplicable. Because the undisputed material facts in this case are indistinguishable from those in Kentucky GalvanizingCo. v. Continental Casualty Co., 335 So.2d 649 (Ala. 1976), we reverse the judgment dismissing the claim and remand the cause. See, also, North Alabama Marine, Inc. v. Sea Ray Boats, Inc.,533 So.2d 598 (Ala. 1988); and Aim Leasing Corp. v. HelicopterMedical Evacuation, Inc., 687 F.2d 354 (11th Cir. 1982).
REVERSED AND.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.