In October 1991, the Alabama Department of Transportation entered into a contract with Boh Brothers Construction Company, Inc. ("Boh"), to construct part of Interstate Highway 165 in Mobile County. In January 1992, Boh subcontracted some of the work on this project to Mike Mitchell Associates *Page 133 
("MMA"), a South Carolina corporation that, at that time, had not qualified to do business in the State of Alabama. In February, MMA assigned the proceeds from its subcontract with Boh to Donald Nelson, in order to secure a previous indebtedness. Boh acknowledged the assignment of proceeds and thereafter made payments jointly to MMA and Nelson.
Sometime during the construction, a subcontractor of MMA discovered that the project site was contaminated with pesticide. The Transportation Department halted all construction until the contamination could be corrected. This resulted in substantial delays; shortly after the construction was halted, MMA, through Boh, filed a "downtime claim" with the Department. Boh, after exhausting all administrative appeals, eventually accepted an offer for the downtime loss from the Department.
In February 1994, MMA sued Boh in the United States District Court for the Southern District of Alabama, claiming that, under its contract with Boh, MMA was entitled to the funds Boh had received from the Department as a result of the downtime loss. The district court held that, as a foreign corporation not qualified to do business in Alabama, MMA was precluded by Alabama's "door closing" statute, Ala. Code 1975, § 10-2A-247 (now at § 10-2B-15.02), from enforcing its contract against Boh. Consequently, the district court entered a final judgment in Boh's favor.
In April 1994, a subcontractor of MMA filed a complaint in the Mobile County Circuit Court against MMA, Boh, and others. MMA then filed a cross-claim against Boh, making the same claims that MMA had made against Boh in the case decided by the federal court. In November 1994, the circuit court held that MMA's claims were barred by the doctrine of res judicata and entered a final judgment in favor of Boh on MMA's cross-claim.
In August 1995, Boh received correspondence from Nelson in which Nelson claimed that MMA's assignment to Nelson of MMA's proceeds from the construction project constituted a novation and, therefore, that Boh's contract was actually with Nelson. In response, Boh filed an action in the Baldwin County Circuit Court, seeking a judgment declaring that MMA's assignment did not amount to a novation. Nelson filed an answer and a counterclaim. Boh raised a series of affirmative defenses and moved for a summary judgment. The circuit court denied Boh's summary-judgment motion, but did agree that the legal issues involved were appropriate for a permissive appeal under Rule 5 of the Alabama Rules of Appellate Procedure. After the trial court entered an order and certification pursuant to Rule 5, Boh petitioned for permission to appeal the trial court's denial of its summary-judgment motion. We granted Boh's petition. We now reverse and remand.
Boh raises four issues: (1) whether Nelson's claims are barred by the doctrine of res judicata, based on the outcomes in the federal case and the Mobile County case; (2) whether Nelson's claims are barred by Ala. Code 1975, § 10-2A-247; (3) whether MMA's assignment to Nelson constituted a novation; and (4) whether, aside from the matters raised by the first three issues, it was entitled to a summary judgment with respect to Nelson's claims alleging promissory fraud and intentional interference with contractual relations.
Our resolution of the first issue — whether the doctrine of res judicata applies — renders the second issue moot. For a claim to be barred by the doctrine of res judicata, there must be "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." Parmater v. Amcord, Inc., 699 So.2d 1238, 1240
(Ala. 1997). Boh argues that all of these elements are present in this case, and, therefore, that Nelson's claim to the delay proceeds, a claim based on the assignment from MMA, is barred by the doctrine of res judicata. We agree.
MMA had already litigated the issue whether it was entitled to the proceeds under its contract with Boh. The federal district court, certainly a "court of competent jurisdiction," held that § 10-2A-247 barred MMA *Page 134 
from enforcing its contract with Boh. After MMA assigned Nelson its right to the construction proceeds, Nelson's ability to collect proceeds from Boh would be only as good as MMA's claim to those same funds. Nelson, the assignee of MMA, had been constructively represented by MMA in the litigation in the federal court. Salvage One Demolition Co. v. Wallace,408 So.2d 89 (Ala. 1981) (holding that a final judgment with respect to an assignor on a particular claim binds the assignee with respect to the same claim, for purposes of res judicata). The federal court held that MMA had no right to the proceeds; Nelson, as MMA's assignee, is bound by that holding.
In the trial court, Nelson argued that the federal court clearly erred in holding § 10-2A-247 applicable; Nelson relies on this Court's decision in National American Ins. Co. v. Boh Bros. Constr. Co., 700 So.2d 1363 (Ala. 1997). National American arose out of the same construction project as the case presently before us. The only difference between National American and this case is that, in National American, it was a surety of MMA, not an assignee, that was attempting to "step into the shoes" of MMA in order to try to recover the funds Boh had received from the state as delay damages. 700 So.2d at 1365. In that case, Boh argued, as it does in this present case, that no funds should flow from Boh to the surety or anyone else based on MMA's contract with Boh, because MMA had not been qualified to do business in Alabama. Id. Therefore, Boh argued, MMA could not enforce its contract with Boh, because of the provisions of § 10-2A-247. This statute (as it read at the time pertinent to this case) made contracts entered into by corporations not qualified to do business in Alabama unenforceable in Alabama courts, unless, according to decisions of this Court, the foreign corporation's in-state activities called for by that contract were incidental to the transaction of interstate business. See SGB Constr. Services, Inc. v. Ray Sumlin Constr. Co.,644 So.2d 892, 893-94 (Ala. 1994); Joison Ltd. v. Taylor, 567 So.2d 862,863 (Ala. 1990); North Alabama Marine, Inc. v. Sea Ray Boats, Inc., 533 So.2d 598 (Ala. 1988); Wallace Constr. Co. v. Industrial Boiler Co., 470 So.2d 1151 (Ala. 1985).
This Court in National American held that the I-165 construction project was sufficiently connected with interstate commerce to preclude the application of § 10-2A-247. See 700 So.2d at 1367. We, therefore, held MMA's contract enforceable against Boh. However, in National American, the issue of res judicata was not raised. Here, Nelson's claims were fully litigated in the federal district court, and there was no appeal taken from that court's judgment. Although we believe the federal court's holding applying § 10-2A-247 to bar the claim was incorrect, that holding became res judicata with respect to the parties involved.
The third issue raised is whether MMA's assignment to Nelson constituted a novation, so that Boh's contract was with Nelson, not MMA. If so, then Nelson's claim against Boh would not be precluded by either the doctrine of res judicata or § 10-2A-247. Novation requires: "(1) a previous valid obligation; (2) an agreement of the parties thereto to a new contract or obligation; (3) an agreement that it is an extinguishment of the old contract or obligation; and (4) the new contract or obligation must be a valid one between the parties thereto." Warrior Drilling Eng'g Co. v. King, 446 So.2d 31, 33 (Ala. 1984). Also, "the party alleging a novation has the burden of proving that such was the intention of the parties." Pilalas v. Baldwin County Sav. Loan Ass'n, 549 So.2d 92, 95 (Ala. 1989). We find no evidence of a novation in this case. Nelson has not demonstrated that the assignment of the right to receive proceeds from Boh was an extinguishment of MMA's obligation to do the original construction work. Also, we find no evidence demonstrating an intention that Nelson would take the place of MMA in any way. Nelson merely received the right to payment, but MMA remained as a subcontractor, fully obligated to perform all of the work it had agreed to perform under its contract with Boh.
The final issue concerns Nelson's tort claims alleging promissory fraud and intentional interference with contractual relations. Based on our review of the record and our *Page 135 
consideration of the arguments, we conclude that Nelson did not present sufficient evidence in favor of either of these two claims to defeat Boh's properly supported summary judgment motion. Consequently, Boh was entitled to a summary judgment with respect to both claims.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Kennedy, Cook, See, Lyons, and Brown, JJ., concur.