MURDOCK, Justice
(concurring specially).
I have never understood that, in order for a new agreement to constitute a “novation” of a prior agreement, the new agreement must involve a party that was not a party to the prior agreement. That is, the elements of a novation listed in Boh Bros. Construction Co. v. Nelson 730 So.2d 132, 134 (Ala.1999), as quoted in the main opinion and numerous other decisions by this Court, are accurate and complete as quoted; this includes the second element quoted, i.e., “ ‘ “an agreement of the parties ... to a new contract or obligation.” ’ ” 59 So.3d at 656 (emphasis added). This Court’s recitation of these elements in Boh Bros, and other cases is consistent with what I always have understood to be the general rule. See 58 Am.Jur.2d Novation § 3 (2002) (reciting the same four elements stated in Boh Bros.), § 5 (“A novation may result from the substitution of a new obligation or contract between the same parties, with intent to extinguish the old obligation or contract.”), § 6 (“Although the Restatement and some other definitions of novation require the substitution of a new party, the term is now generally applied to any new contract entered into for the purpose and with the effect of dissolving an existing obligation, whether or not accompanied by change of parties.”) (footnotes omitted); 66 C.J.S. Novation Part II.B. (2009) (titled and discussing “Novation Between Same Parties”).